**McCLAIN, Appellee,**

v.

**McCLAIN, Appellant.**

[Cite as *McClain v. McClain* (1993), 87 Ohio App.3d 856.]

Court of Appeals of Ohio,
Summit County.

No. 16094.

Decided Aug. 18, 1993.

*Dreama Anderson,* for appellee.

*David Ferguson,* for appellant.

BAIRD, Judge.

This cause comes before the court upon the appeal of A. Bradley McClain from an award of divorce entered in the Summit County Court of Common Pleas. We reverse.

The parties were married in 1976 and have two children, Andrew, age fourteen, and Peter, age ten. In November 1992, the parties were granted a divorce on the grounds of incompatibility. R.C. 3105.01(K). This order included a division of property, allocation of parental rights and responsibilities, and an award of spousal support and child support.

It is from this order that A. Bradley McClain ("Husband") appeals, asserting two assignments of error.

## Assignment of Error I

"The trial court erred in failing to comply with the provisions of the Ohio Revised Code in making its allocation of parental rights and responsibilities."

■ Husband argues that the trial court erred in granting shared parenting on terms not set forth in a shared-parenting plan submitted to the court by one party or the other. Both parties requested shared parenting and submitted plans to the court. Husband's plan provided for equal division of time between the parents; Patricia McClain's ("Wife's") plan provided for residence with Wife and visitation with Husband. The court did not adopt either plan. Rather, shared parenting was awarded under the court's own plan, granting residence to Wife during the school year and to Husband during the summer.

The procedure which the court must follow, after it receives requests for shared parenting and shared-parenting plans from each of the parties, is set forth at R.C. 3109.04(D)(1)(a)(ii). A court may determine that one of the submitted plans is in the best interest of the children and adopt that plan verbatim. *Id.* Barring adoption of one of the submitted plans, however, a court may only make suggestions for modification of the plans to the parties. *Id.* If the parties do not make appropriate changes or if the court is not satisfied with the changes that are resubmitted following the suggestions for modification, then the court may deny the request for shared parenting of the children. *Id.* The statute does not give the court authority to create its own shared-parenting plan. A satisfactory plan must be filed with the court for adoption; otherwise, the court will not adopt any plan. R.C. 3109.04(D)(1)(b).

In this case, the court-ordered plan was one of its own creation and had not been submitted by either party. It was, therefore, in violation of R.C. 3109.-04(D)(1)(a)(ii).

Husband's first assignment of error is sustained.

## Assignment of Error II

"The trial court erred in calculating child support pursuant to the statutory guidelines based upon the children residing with the wife for twelve months while

making an allocation of parental rights wherein the children reside with the wife for only nine months and with the husband for three months."

Husband argues that the trial court erred in ordering him to pay child support in an amount almost identical to the amount requested by Wife, even though Wife's request was based upon the children's residing with the Wife for twelve months and the court ordered residence with the Wife for only nine months.

Wife alleges that there were reasons why the trial court may have ordered support for the full twelve months. However, based upon the record in this case, these reasons are mere speculation. The trial court's order states only that all relevant factors listed in R.C. 3109.05(A)(1) and R.C. 3113.21 to 3113.219 were considered in making the award.

The Ohio Supreme Court has held that:

"A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record." *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph one of the syllabus.

Failure to complete and include the worksheet in the record constitutes reversible error. *Ingalls v. Ingalls* (1993), 88 Ohio App.3d 570, 624 N.E.2d 368.

The child support worksheet was not included in the record of this case. Accordingly, we must reverse the award and remand to the lower court for completion of the worksheet. We note that the worksheet should show the adjustments, if any, that the court deems warranted by the number of months that the children will reside with each parent.

The second assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and DICKINSON, J., concur.