OPINION
Appellant, Cheryl Davis, appeals the decision of the Warren County Court of Common Pleas entering a custody arrangement granting appellee, Kent Foster, residential parent status of their daughter, Jennifer Nicole Foster.
Jennifer was born on September 18, 1992. At the time Jennifer was born, Kent and Cheryl were living together in Kent's home in Springboro, Warren County, Ohio. They have never married. They later separated, but began living together again in 1996. In November 1998, Kent asked Cheryl to leave after a heated dispute. At one point, Kent called the police and requested that they ask Cheryl to leave, which Cheryl then did.
Cheryl and Jennifer then lived with Cheryl's parents. In 1999, Cheryl began renting the home of her ex-husband, who was incarcerated for dealing drugs. This home is in Mad River Township, Montgomery County, Ohio. Cheryl has an older son by her ex-husband, but her son now lives with her parents. Cheryl presently works as a clinical supervisor in a doctor's office during the day.
Kent still lives in his Springboro home. He has an older son by a previous marriage, and he exercises extensive visitation with his son. Kent is presently a corrections officer at Warren Correctional Institution, working the night shift on Tuesday through Saturday nights. When Jennifer stays with Kent, he stays awake during the day when Jennifer is at home and sleeps when Jennifer is at school. Kent has his ex-sister-in-law, Pam Burns, watch Jennifer on the nights that he works.
On November 24, 1998, Cheryl filed a complaint for child support and custody. Kent filed a counterclaim seeking custody on December 3, 1998. In his counterclaim, Kent requested that the court adopt a shared parenting order, but a proposed shared parenting order was never filed in the trial court. On December 21, 1998, the trial court granted Cheryl temporary custody, subject to extensive visitation rights for Kent. On February 3, 1999, the trial court ordered Kent to pay child support, and ordered that both parties submit to psychological evaluations regarding custody.
On June 18, 1999, a hearing was held in the trial court at which both parties testified. Burns testified on Kent's behalf, and Cheryl's sisters-in-law testified on her behalf. The trial court was presented with a stipulated copy of a psychological evaluation of the parties prepared by Dr. Rebecca Hannah, Ph.D. The trial court interviewed Jennifer in camera.
On July 2, 1999, the trial court filed a decision and entry. The trial court found that it was in Jennifer's best interest that her parents have "Shared Parenting with father, Kent Foster, being awarded physical custody and designated the residential parent for school purposes." The court then set forth a visitation schedule for Cheryl and terminated Kent's previously-ordered child support obligation. Neither party was ordered to pay child support "due to the extended time each parent will spend with the child." Kent was ordered to continue to provide health insurance for Jennifer.
On July 12, 1999, Cheryl filed a motion for new trial, arguing that the trial court's judgment was not supported by the weight of the evidence and was contrary to law. On July 16, 1999, Cheryl filed a request for separate findings of facts and conclusions of law. On August 30, 1999, the trial court filed an entry denying the motions. Cheryl appeals, raising three assignments of error.
Assignment of Error No. 1:
 THE LOWER COURT'S IMPOSITION OF A SHARED PARENTING PLAN, WHERE NEITHER PARTY HAD REQUESTED SUCH AN ARRANGEMENT, WAS AN ABUSE OF DISCRETION AND CONTRARY TO LAW.
Assignment of Error No. 2:
 THE LOWER COURT'S DESIGNATION OF THE APPELLEE/FATHER AS "PHYSICAL CUSTODIAN" AND "RESIDENTIAL PARENT OF SCHOOL PURPOSES" WAS AN ABUSE OF DISCRETION AND CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 3:
 THE LOWER COURT'S REFUSAL TO ISSUE SEPARATE FINDINGS OF FACT AND CONCLUSIONS OF LAW, DESPITE APPELLANT'S TIMELY REQUEST, WAS AN ABUSE OF DISCRETION.
 In her assignments of error, Cheryl challenges the trial court's decision to name Kent residential parent in an apparent shared parenting order. Cheryl also argues that the trial court should have given further reasons for its decisions per her request.
We note at the outset that the trial court properly overruled Cheryl's motion for separate findings of fact and conclusions of law. Civ.R. 52 provides that such a motion must be filed within seven days after "notice of the court's announcement of its decision." Cheryl's motion was filed fourteen days after the filing of the trial court's decision and entry. The third assignment of error is overruled.
As to the trial court's decision to impose a "shared parenting" arrangement, this court is unsure what the trial court's actual intentions were. Although referenced as "shared parenting," the trial court's decision seems to grant primary custody of Jennifer to Kent and grant Cheryl substantial visitation. This ambiguity alone is reason enough for this court to remand the cause so that the trial court can better explain its decision.
A shared parenting plan may be adopted by the trial court pursuant to R.C. 3109.04. R.C. 3109.04 provides, in pertinent part:
 (A) In any * * * proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, * * * the court shall allocate the parental rights and responsibilities for the care of the minor [child.] * * * [T]he court may allocate the parental rights and responsibilities for the care of the [child] in either of the following ways:
 (1) If neither parent filed a pleading or motion [requesting shared parenting] in accordance with division (G) of this section, if at least one parent files a pleading or motion under that division but no parent who filed a pleading or motion under that division also files a plan for shared parenting, or if at least one parent files both a pleading or motion and a shared parenting plan under that division but no plan for shared parenting is in the best interest of the children, the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children.
 Only when a satisfactory shared parenting plan is filed by a party seeking shared parenting may a trial court adopt the shared parenting plan. In any other case, the trial court must allocate parental rights by naming one parent residential parent and legal custodian and awarding any reasonable visitation to the other parent. See McClain v. McClain (1993), 87 Ohio App.3d 856, 857. In such case, the trial court must make its visitation and support orders in accordance with R.C. 3109.05 and 3109.051.
In the instant case, the decision of the trial court is ambiguous, preventing this court from effectively reviewing the substance of the decision. Although referenced as a "shared parenting" arrangement, the decision seems to provide that Kent is the primary custodian and residential parent and that Cheryl is awarded visitation. This would be more akin to an allocation of parental rights and responsibilities without a shared parenting order. However, the trial court failed to name one parent as Jennifer's legal custodian. If this were a shared parenting order, legal custody would be divided between the parties. In any event, neither party filed a proposed shared parenting plan in accordance with R.C. 3109.04(G). The trial court was thus precluded from entering a "shared parenting" arrangement concerning Jennifer's custody. Id.
We vacate the decision and entry of the trial court and remand the cause so that the lower court may reconsider its decision and file an entry which allocates parental rights and responsibilities between the parties in a clear manner and in accordance with the mandates of statute. The first assignment of error is well-taken. The second assignment of error is moot given our resolution of the first assignment of error.
Judgment vacated and remanded for further proceedings consistent with this opinion.
POWELL, P.J., and WALSH, J., concur.