DECISION AND JOURNAL ENTRY
Tammy Tyras, Appellant, has appealed from an order of the Lorain County Court of Common Pleas, Domestic Relations Division, terminating the original shared parenting plan agreed to by the parties and imposing a new, court-created shared parenting plan. We reverse.
On May 15, 1997, Appellant and Appellee, Brian Tyras, were granted a divorce. The parties had three children born of the marriage. A shared parenting plan addressing the issues regarding the children was agreed to by the parties and incorporated into the divorce decree. On February 17, 1998, Appellee moved the trial court for a modification of the shared parenting plan and submitted a proposed shared parenting plan that designated Appellee as the sole residential parent and decreased the amount of time the children would spend with Appellant. In the alternative, Appellee moved the court to modify the existing shared parenting plan to designate him as the "Residential Parent-Legal Custodian." Appellant opposed this motion. Following a hearing, the trial court terminated the original shared parenting plan, rejected the Appellee's proposed plan, and incorporated and ordered into effect a new shared parenting plan as created by the court. Appellant timely appealed and has raised one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court abused its discretion in modifying the Plan for Shared Parenting and the judgment was against the manifest weight of the evidence, and contrary to law.
 Appellant has argued that the trial court erred by entering the new shared parenting agreement as it was contrary to law and against the manifest weight of the evidence. We agree.
It is noted that the parties have referred to the ruling by the trial court as a modification of the shared parenting plan. While Appellee moved for a modification, the trial court did not undertake to modify said agreement. In fact, the trial court explicitly stated in its order that it was terminating the original shared parenting plan. Since the trial court terminated the original shared parenting plan, nothing remained for the court to modify. Therefore, this court will not review the trial court's subsequent actions under the standards for modifications but rather will review them under the standards for allocating parental rights and responsibilities.
Pursuant to R.C. 3109.04(A), in any divorce, legal separation, or annulment proceedings, the trial court is to allocate the parental rights and responsibilities. If one of the parties moves for a shared parenting arrangement and files a shared parenting plan, the court may adopt one of the submitted plans. R.C. 3109.04(D)(1)(a). Barring adoption of a submitted plan, however, a court may only make suggestions for modifications to the submitted plans. R.C. 3109.04(D)(1)(a)(ii). A court may not create and adopt its own shared parenting plan. McClain v.McClain (1993), 87 Ohio App.3d 856, 857. If a satisfactory plan is not filed with the court for adoption, the court is not to adopt any plan. Id., citing R.C. 3109.04(D)(1)(b).
In this case, the court-ordered plan was one created by the court and was not a plan submitted by either party. It was, therefore, a violation of R.C. 3109.04(D)(1)(a)(ii). Since the trial court violated state law in imposing the court-created shared parenting plan upon the parties, the modification is invalid. Appellant's assignment of error is sustained.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT BATCHELDER, P.J., CARR, J., CONCUR.