[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
On June 24, 1999, Joseph Cybulski, appellee, filed a complaint in the Ashtabula Court of Common Pleas, Juvenile Division, seeking a judgment establishing that a parent/child relationship exists between appellee and the minor child; a motion to change the surname of Rebecca Marie Ramsey (Rebecca) to Cybulski; a motion for visitation; and a motion for shared parenting. Also, on June 24, 1999, appellee filed a shared parenting plan.
On July 22, 1999, Jennifer Ramsey, appellant, filed a motion requesting that the Ashtabula Court of Common Pleas, Juvenile Division dismiss or transfer the case to Cuyahoga County. Appellant and appellee are the natural parents of Rebecca, born on March 8, 1999; they were never married. On July 30, 1999, a magistrate's order was filed granting appellee interim visitation, overruling appellant's motion to dismiss or transfer, and setting the shared parenting and name change issues for an evidentiary hearing, on November 16, 1999. Upon motion by appellee to convert the August 2, 1999 hearing to a pre-trial conference or, in the alternative, to continue, the court converted the hearing to a pre-trial. On August 26, 1999, the court scheduled an evidentiary hearing for November 16, 1999.
On January 27, 2000, after the evidentiary hearing, the juvenile court denied appellee's motion for shared parenting; the court did not enter findings of fact and conclusions of law as the reasons for denying appellee's shared parenting plan. In the same judgment entry, the court named appellant the custodian of Rebecca and awarded visitation to appellee.
On February 15, 2000, appellee filed a motion for relief from the January 27, 2000 judgment entry, requested that the court enter findings of fact and conclusions of law as to its denial of his motion for shared parenting, and requested that the court rule on his prior motion to change Rebecca's surname. Also on February 15, 2000, the court received letters from appellee as well as appellee's mother, father, and sister asking the court to reconsider its January 27th judgment entry; there is no evidence that the court considered or even read these letters.
On May 17, 2000, a pre-trial hearing was held and a judgment entry was issued ordering appellant to file a shared parenting plan, within fourteen days, which also addressed the name change. Appellee's shared parenting plan was due seven days thereafter. Further hearings were to be scheduled at the request of either party.
On June 1, 2000, appellant filed her shared parenting plan, a motion for the court to adopt it, and a response to appellee's motion to change Rebecca's surname. On June 16, 2000, appellee filed a brief in support of his motion for a shared parenting plan and motion to change Rebecca's surname to Cybulski. Appellee's shared parenting plan was filed on June 24, 1999, and was incorporated by reference in appellee's June 16, 2000 motion.
On August 10, 2000, without an evidentiary hearing, the court determined that appellee's shared parenting plan granting custody to both parents, with some amendments made by the court, was in Rebecca's best interest. The court further found that it was in the best interest of the child to grant appellee's request to change Rebecca's surname from Ramsey to Cybulski; the court did not enter findings of fact or conclusions of law as to the reasons for the approval of appellee's plan, with changes, or the reasons for the rejection of appellant's plan. It is from this judgment entry that appellant has filed this timely appeal. Appellant raises the following assignments of error:
 "[1.] A motion for relief from judgment did not give the trial court authority to modify its previous court order, and to do so was reversible error."
 "[2.] The trial court erred in changing the minor child's surname after taking no evidence on the issue.
 "[3.] The appellant was deprived of her right of effective assistance of counsel."
 In appellant's first assignment of error, she argues that a motion for relief from judgment does not give the court the authority to modify a previous custody order. Pursuant to R.C. 3109.04, a modification of a custody order requires a proper motion to be filed, a hearing to be held, and a change in circumstances proven. Appellant further contends that the court erroneously considered the letters sent on appellee's behalf. Appellee argues that an order for relief from judgment pursuant to Civ.R. 60(B) is proper in custody cases without any change in circumstances. Appellee contends that the trial court realized its error in initially failing to follow R.C. 3109.04 and attempted to correct this error by modifying custody. Appellee further argues that because the error was regarding the original proceedings, no change in circumstances was required. Upon review of the record, we note that many procedural errors have occurred.
We begin our analysis with appellee's initial motion for shared parenting filed on June 24, 1999. R.C. 3109.04(A)(1) provides that if one parent files a motion for shared parenting, pursuant to R.C. 3109.04(G), but it is not in the best interest of the children, "the court, in a manner consistent with the best interest of the children, shall allocate rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child (sic), and divide between the parents the other rights and responsibilities for the care of the children * * *." R.C. 3109.04(G) provides that if either or both parents file a motion for shared parenting, the parent or parents so filing shall also file a plan for shared parenting. Upon the filing of a motion and a plan by one parent, R.C. 3109.04(D)(1)(a)(iii) and 3109.04(G) permit the court to order the other parent to file a shared parenting plan. If the court approves or denies the motion for shared parenting, the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or denial. Onion v. Onion (June 14, 1996), Ashtabula App. No. 95-A-0002, unreported, 1996 WL 648849; Yoel v. Yoel
(May 12, 2000), Lake App. No. 98-L-264, unreported, 2000 WL 639472. In determining whether shared parenting is in the best interest of the children, R.C. 3109.04(F)(2) provides that the court shall consider all relevant factors, including the factors enumerated in R.C. 3109.04(F)(1), R.C. 3113.215 and the five factors set forth in 3109.04(F)(2).
In the instant case, the court did not order appellant to file a shared parenting plan upon appellee's filing of a plan, on June 24, 1999. After an evidentiary hearing, the court denied appellee's first motion for shared parenting and stated that "[t]he controversy surrounding this issue seems to be mainly with the question of visitation." The record is silent as to the court's consideration of the factors, set forth in R.C.3109.04(F)(1), 3190.04(F)(2), and 3113.215, in making its determination that shared parenting was not in the best interest of Rebecca. The court did not make findings of fact and conclusions of law, pursuant to R.C.3109.04(D)(1)(a)(iii). Procedurally, the court erred in not considering the factors, supra, in making its determination that shared parenting was not in the best interest of Rebecca and in not entering findings of fact and conclusions of law as required by statute.
Turning next to appellee's motion for relief from judgment, we conclude that the court's January 27, 2000 judgment entry was not a final order. An order of the trial court is a final, appealable order only if the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met.Chef Italiano Corp. v. Kent State University (1984), 44 Ohio St.3d 86,541 N.E.2d 64. Pursuant to R.C. 2505.02(B), a final appealable order is one that may be reviewed, affirmed, modified, or reversed, with or without retrial, and it affects a substantial right in an action that in effect determines the action and prevents a judgment. Since the first judgment entry did not determine the name change issue or meet the requirements of Civ.R. 54(B), it did not determine the case and prevent a decision in appellant's favor. Thus, the trial court did not err in treating the judgment as an interlocutory order, not a final order. Under these circumstances, the trial court had jurisdiction to reconsider the first judgment. See Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378, 423 N.E.2d 1105.
In Pitts, the Supreme Court held that while a motion for reconsideration of a final judgment in the trial court is a nullity, an interlocutory order may be reconsidered.
 "Interlocutory orders are subject to motions for reconsideration, whereas judgments and final orders are not. This court is specifically denying motions for reconsideration in the trial court only after final judgment.
"Civ.R. 54(B) allows for a reconsideration or rehearing of interlocutory orders. The rule, when discussing interlocutory orders, states, in pertinent part, that they are "subject to revision at any time before the entry of judgment adjudicating the claims and the rights and liabilities of all the parties." Therefore, a motion for reconsideration would be the proper procedural vehicle for obtaining relief after interlocutory orders." Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378, 379, 423 N.E.2d 1105, fn. 1.
Based upon the foregoing analysis, it follows that no error occurred when the trial court revised its initial judgment entry. In her first assignment, appellant contends that appellee's motion for relief from judgment did not give the trial court the authority to modify its previous order. Appellant's argument would be correct if the judgment were a final judgment. However, the court's January 27, 2000 judgment entry was not a final order but an interlocutory order. Because the judgment entry was an interlocutory order, the trial court was permitted to reconsider it any time prior to final judgment.
Despite this, the court-ordered shared parenting plan created by the court by adopting appellee's plan and making its own modifications, was in violation of R.C. 3109.04(D)(1)(a). The court may not create and adopt its own shared parenting plan. Tyras v. Tyras (June 14, 2000), Lorain App. No. 99CA007301, 2000 WL 763339; McClain v. McClain (1993),87 Ohio App.3d 856, 857, 623 N.E.2d 242. Therefore, appellant's first assignment of error has merit.
 In appellant's second assignment of error, she asserts that the trial court erred in changing the child's surname without taking evidence on that issue. Review of the record supports appellant's assertion. The Supreme Court of Ohio has provided the following guidelines:
 "In determining the best interest of the child concerning the surname to be used when parents who have never been married contest a surname, the court should consider: the length of time that the child has used a surname, the effect of a name change on the father-child relationship and the mother-child relationship, the identification of the child as part of a family unit, the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference and any other factor relevant to the child's best interest. Courts should consider only those factors present in the particular circumstances of each case." Bobo v. Jewell, (1988) 38 Ohio St.3d 330, 528 N.E.2d 180, paragraph two of the syllabus.
 In 1999, the Supreme Court added two additional factors which were not set
forth in Bobo: "whether the child's surname is different from the surname of the child's residential parent" and "parental failure to maintain contact with and support of the child[.]" In re Willhite (1999),85 Ohio St.3d 28, 706 N.E.2d 778, paragraph two of the syllabus.
In the instant case, the judge rendered his decision, on August 10, 2000, without applying the Bobo and Willhite factors. The judgment entry merely stated: "[f]urther, the Court finds that it is in the best interest of the child, Rebecca Marie, to grant the requested change of name. The child shall henceforth be known as Rebecca Marie Cybulski." The entry is silent as the application of the factors enumerated by the Supreme Court, supra. Further, the record does not demonstrate that evidence was presented on this issue. Appellant's second assignment of error is with merit.
Based on our analysis of appellant's first assignment of error, we conclude that the third assignment was improvidently submitted.
We conclude that while the trial court had jurisdiction to enter its August 10, 2000 judgment entry, it was improper to create and adopt its own shared parenting plan. This case is reversed and remanded for the court to enter findings of fact and conclusions of law demonstrating the court's consideration of the factors, supra, in determining that shared parenting was not in Rebecca's best interest, to enter findings of fact and conclusions of law setting forth its reasons for denying appellee's first motion for shared parenting, and to conduct an evidentiary hearing on the parties' motions regarding changing Rebecca's surname.
 __________________________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.