OPINION
{¶ 1} Appellant Shelby Joseph Cutlip appeals the decision of the Richland County Court of Common Pleas, Domestic Relations Division, which reduced the monthly child support obligation owed to him on behalf of his two children by Appellee Ophelia Cutlip nka Ramirez, mother of said children. The relevant facts leading to this appeal are as follows.
 {¶ 2} The marriage of appellant and appellee was dissolved via a Richland County decree on August 30, 1995. Appellant was designated residential parent of the parties' two children. Appellee was ordered to pay $151 per month as support for both children. The most recent modification of child support prior to the proceedings sub judice occurred on October 8, 1998, at which time the amount was set at $128.33 per month per child. In a judgment entry dated June 24, 1999, the trial court ordered, upon review, that the $128.33 per month per child obligation would remain in effect.
 {¶ 3} Appellee thereafter filed a motion to modify child support and a motion for contempt for appellant's alleged failure to permit visitation with the parties' children. On September 24, 2001, an hearing was conducted before a domestic relations magistrate. The magistrate issued her decision on December 26, 2001, denying appellee's request for a finding of contempt and finding no grounds to warrant a downward modification of child support. Appellee thereupon objected, pursuant to Civ.R. 53. The trial court reviewed the objections and issued an order on April 3, 2002, affirming the magistrate's denial of a contempt finding, but rejecting the magistrate's denial of a change in child support. The trial court held in pertinent part:
 {¶ 4} "Upon review of the evidence, the Court finds that a substantial change in the economic circumstances of the parties has occurred, since the Court last reviewed the child support issues of the parties; and that the following substantial change in circumstances warrants a downward deviation in Second Petitioner's [Appellee's] child support obligation: Notwithstanding Second Petitioner's academic achievements, Second Petitioner's chronic depression renders her essentially unemployable for any gainful employment, at least for the immediate future. Accordingly, the Court finds that the Second Petitioner's current order of support of $128.33 per month per child, for a total of $256.66 per month for both children, is unjust, inappropriate, and not in the best interests of the minor children. The Court hereby expressly finds that Second Petitioner is entitled to a downward deviation in child support to a total support obligation of $50.00 per month (i.e., a total of $50.00 per month for both children)." Judgment Entry at 2.
 {¶ 5} Appellant timely appealed and herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY LOWERING THE CHILD SUPPORT AMOUNT ABSENT EXPERT TESTIMONY REGARDING THE APPELLEE'S INABILITY TO WORK AND ABSENT A CHILD SUPPORT GUIDELINE WORKSHEET."
 I. {¶ 7} We first address appellant's challenge to the trial court's decision to not attach a child support guideline worksheet to the judgment entry under appeal. "A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record."Marker v. Grimm (1992), 65 Ohio St.3d 139, 139, 601 N.E.2d 496, at paragraph one of the syllabus. Failure to complete and include the worksheet in the record constitutes reversible error. McClain v. McClain
(1993), 87 Ohio App.3d 856, 858, 623 N.E.2d 242.
 {¶ 8} We first note that Marker addresses prior R.C. 3113.215, which the General Assembly repealed on March 22, 2001. However, the modern version of the support guideline statute, R.C. 3119.022, continues to mandate that a court or agency calculating child support "shall use a worksheet." Therefore, we find the rule of Marker applicable to R.C.3119.022.
 {¶ 9} We are cognizant that at least one appellate court has approached this issue by analyzing whether a court's failure to follow the statute per Marker has affected the parties' substantial rights, noting that "[a]ny remand to the * * * court with instructions to memorialize in a worksheet that which the court has already considered would be an exercise in futility." Carr v. Blake (Feb. 18, 2000), Hamilton App. No. C-990174, at 4. Nonetheless, the Supreme Court expressed concern inMarker that due to the lack of inclusion of the worksheet in the record, they were "left to speculate" as to how the trial court determined that the child support figure ordered was the appropriate amount. Marker at 142, 601 N.E.2d 496, 499. In the case sub judice, the trial court found deviation warranted based on a conclusion that appellee's mental condition rendered her essentially unemployable for the near future. However, the court made no mention in its entry of appellee's testimony that she was working at Office Max for $5.15 per hour, ten to fifteen hours per week, nor of appellant's annual income of approximately $33,000 plus sporadic overtime. Tr. at 10-11, 63. While the court's language provides reasoning in support of deviation, it nonetheless creates speculation as to the results, however minimal they might turn out, of applying the raw numbers prior to any deviation. As such, proper appellate review of this matter is hindered. "[W]hile the statute requires that the worksheet is to be uniformly applied, it permits a trial court to deviate from the results of those calculations * * *. However, * * * the trial court never reached the point at which it could appropriately exercise its discretion." Gannon v. Gannon (Nov. 5, 1993), Ottawa App. No. 93-OT-003 at 3. We therefore adhere to the mandatory view taken in Marker, and find this portion of appellant's Assignment of Error well-taken.
 {¶ 10} The remainder of appellant's arguments pertain to the weight of the evidence in connection with appellee's level of ability to maintain employment. Based on our conclusions above, we find analysis of this issue premature for appellate review at this time.
 {¶ 11} Appellant's sole Assignment of Error is sustained in part and found premature in part.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Gwin, P.J., and Boggins, J., concur.
Topic: Child Support.