OPINION
{¶ 1} Plaintiff-appellant Joseph Schmidli appeals the decision of the Belmont County Common Pleas Court, Domestic Relations Division, which entered a custody order over the parties' three-year-old requiring shared parenting with defendant-appellee Veronica Schmidli. The main issue is whether a court can enter a shared parenting order when neither party filed a motion for shared parenting or a shared parenting plan. In determining this issue, we also must address the effect of an agreed temporary order which establishes shared parenting. We are also asked to determine whether the court must specifically state that an objection to a magistrate's decision is overruled when entering its judgment. For the following reasons, the judgment of the trial court is reversed and this case is remanded for further proceedings on the issue of which parent should be the primary residential parent.
 STATEMENT OF FACTS {¶ 2} Joseph and Veronica Schmidli were married in 1999. Their daughter was born on September 15, 1999. The parties soon filed for divorce in Maryland, where they lived at the time. On July 14, 2000, that court entered a pendente lite consent order which stated that Joseph shall have primary physical custody but both parents shall have joint legal custody and that each party will have two-week periods of visitation. Thereafter, Joseph moved to Belmont County, and Veronica moved to the adjoining county in West Virginia.
 {¶ 3} On November 21, 2001, Joseph filed notice of the foreign pendente lite consent decree in the Belmont County Common Pleas Court. He also filed a motion for temporary and permanent custody. On November 30, 2001, the parties entered an agreed judgment entry on Joseph's request for temporary custody. The parties agreed that the pendente lite consent order from the Maryland court would be continued but the word "shared parenting" would be inserted to replace "joint legal custody."
 {¶ 4} On January 28, 2002, Veronica also filed a motion for custody asking that she be appointed as the residential parent. The guardian ad litem filed a report on April 18, 2002 recommending "a continuation of the shared parenting scheme developed by the Maryland Court and agreed upon temporarily by the parties." A hearing was held before the magistrate that same day, after which the magistrate noted that the parties were seeking dismissal of the Maryland divorce action and that the parties shall follow the temporary order until further order. The magistrate voiced concern that it lacked jurisdiction on custody because there was a divorce action pending in another state.
 {¶ 5} On May 14, 2002, Veronica filed a motion asking the court to apply the change of circumstances test set forth in R.C. 3109.04 on the grounds that, regardless of whether the current shared parenting plan is temporary or permanent, the process still entails a modification of a prior order of custody rather than an initial determination of custody.
 {¶ 6} Finally, the Maryland divorce action was dismissed. Thus, on June 19, 2002, Joseph filed a complaint for divorce and an amended motion for temporary and permanent custody in the Belmont County Common Pleas Court. A divorce hearing was held before the magistrate on September 3, 2002; testimony and exhibits from the April hearing were incorporated. On September 12, 2002, the magistrate released its decision granting a divorce and ordering shared parenting in the same two-week format. The magistrate noted that both parties want custody; however, the magistrate then framed the issue as whether it is in the child's best interests to change the shared parenting arrangement.
 {¶ 7} Joseph filed timely objections on September 24, 2002. In pertinent part, he argued that the magistrate violated R.C. 3109.04(A)(1) when it failed to allocate parental rights and responsibilities primarily to one of the parents and designate that parent the residential parent and legal custodian. He noted that the parties never sought a shared parenting plan under R.C. 3109.04(G). On October 10, 2002, the trial court filed a five and one-half page judgment entry which is essentially identical to that of the magistrate. Joseph filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 8} Appellant's first assignment of error complains:
 {¶ 9} "The trial judge commits reversible error by neglecting, refusing, and failing to rule upon a timely filed objection to the decision of the magistrate when it approves the magistrate's decision by judgment entry, and does not rule on the objection which sets forth a reasonable, coherent and justifiable legal rationale based upon the law of the State of Ohio."
 {¶ 10} Appellant's argument under this assignment revolves around Civ.R. 53(E)(4)(b) which provides in relevant part as follows:
 {¶ 11} "Disposition of Objections. The court shall rule upon any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter."
 {¶ 12} Here, the court merely retyped the magistrate's decision. The court did not specifically state that it considered the objections, that the objections were overruled, or that the magistrate's decision was adopted. In an accompanying "docket and journal entry," the court stated, "upon review of the evidence and arguments of counsel, the court hereby enters its judgment. (See attached)." This implies consideration of the objection ("arguments of counsel") and, more importantly, overruling of the objection ("enters * * * judgment * * * attached"). Moreover, entering a judgment which factually and legally coincides with the magistrate's decision implicitly overrules the objections and adopts the magistrate's decision.
 {¶ 13} Even if appellant correctly argues that the case law and the plain language of Civ.R. 53(E)(4)(b) support his argument that an express determination is necessary, we initially note that this situation is not analogous to our prior holdings stating that it is a jurisdictional defect if the trial court fails to enter judgment which states the relief granted. Here, the court did properly define the rights, duties, and obligations of the parties. See Jefferson Cty. CSEAex rel. Wargo v. Wargo, 7th Dist. 02JE21, 2002-Ohio-3758 (citing the various cases where we held that a trial court decision which merely adopts the magistrate's decision without independently setting out the rights, duties, and obligations of the parties is not a final appealable order). The mere failure to specifically state that the objections are overruled is not jurisdictional. Although not jurisdictional, appellant considers it an error requiring remand for explicit ruling on the objection.
 {¶ 14} The Staff Notes to Civ.R. 53 explain that under the previous rule, trial judges thought they only needed to consider the objection, whereas the new rule clarifies that the judge is to rule upon, not just consider, any objections. Thus, the title of the rule was changed from "Consideration of Objections" to "Disposition ofObjections." Further, the text of the rule previously read, "On consideration of the objections, the court may adopt, reject or modify * * *." The current text states, "The court shall rule on any objections."
 {¶ 15} As for case law, the Fifth Appellate District refused to presume that objections were overruled where the court failed to say so.Dorton v. Dorton (May 22, 2000), 5th Dist. No. 00CAF11061. "Because of the mandatory language in the statute and due to the chronology of the rule's requirements, we find the trial court was required to rule on the objections to the magistrate's decision before adopting, rejecting, or modifying said decision." Id. See, also, Hinkle v. Hinkle (Apr. 24, 2001), 5th Dist. No. 00-COA-01372 (finding that a court complied with Civ.R. 53(E)(4) where, although it did not provide analysis on each objection, it plainly stated that all objections were overruled).
 {¶ 16} Regardless, this case must be remanded due to the analysis concerning the next two assignments of error. Thus, we merely point out that in the future, if the court copies a magistrate's decision in order to comply with its duties for entering a final judgment (that is, specifying the rights, duties, and obligations of the parties), it shouldalso add language indicating for instance, "The objections are overruled, and the magistrate's decision is adopted" in order to ensure compliance with Civ.R. 53(E)(4).
 ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE {¶ 17} Appellant's second and third assignments of error provide:
 {¶ 18} "The trial judge commits reversible error in adopting a magistrate's decision which fails to allocate parental rights `primarily to one of the parties,' and to `designate that parent as the residential parent and legal custodian of the child' as is required by Ohio Revised Code Sec. 3109.04(A)(1), where neither parent has sought or filed a shared parenting plan."
 {¶ 19} "The trial judge commits reversible error in adopting a magistrate's decision which names both parents of a minor child `legal custodians' where neither parent has requested shared parenting, neither parent has filed a shared parenting plan, and both have sought sole custody of the child."
 {¶ 20} Here, neither party filed a motion for shared parenting or a shared parenting plan. Both parties wanted to be the residential parent. It may help to first dispel the notion set forth in Veronica's motion which asked the magistrate to consider the change of circumstances test in order to enter an order different from the existing order of shared parenting. As aforementioned, she believed that the issue was one of modification rather than an initial custody determination. However, her belief was incorrect. Ohio law provides that R.C. 3109.04(E), concerning modification of a prior decree, is inapplicable to temporary orders with custody pending. See, e.g., State ex rel. Thompson v. Spon
(1998), 83 Ohio St.3d 551, 554-555. See, also, Thompson v. Thompson
(1987), 31 Ohio App.3d 254, 257; Schoffner v. Schoffner (1984),19 Ohio App.3d 208, 209; Spence v. Spence (1981), 2 Ohio App.3d 280,281-282.
 {¶ 21} The so-called shared parenting order in this case was pendente lite; it was temporary. Pursuant to Civ.R. 75(N)(1), the court may make a temporary order regarding allocation of parental rights and responsibilities during the pendency of an action for divorce. When the court later fashions a custody order in finally resolving the divorce, it is not modifying a prior final custody decree; rather, it is entering a permanent custody order for the first time. Spon,83 Ohio St.3d at 554-555; Garnet v. Garnet (Mar. 2, 1981), 7th Dist. No. 80CA31.
 {¶ 22} Thus, although the magistrate and court did not utilize the change of circumstances test, they did err in stating that the issue was whether it was in the child's best interest to change the shared parenting order. Rather, the court should have strictly followed the language of R.C. 3109.04(A)(1), which provides:
 {¶ 23} "If neither parent files a pleading or motion in accordancewith division (G) of this section, if at least one parent files a pleading or motion under that division but no parent who filed a pleading or motion under that division also files a plan for shared parenting, or if at least one parent files both a pleading or motion and a shared parenting plan under that division but no plan for shared parenting is in the best interest of the children, the court, in a manner consistent withthe best interest of the children, shall allocate the parental rights andresponsibilities for the care of the children primarily to one of theparents, designate that parent as the residential parent and the legalcustodian of the child, and divide between the parents the other rightsand responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children." (Emphasis added).
 {¶ 24} The division (G) referenced in the above passage states that either or both parents may file a pleading or motion for shared parental rights and responsibilities. This division also states that if a pleading or motion is filed, the parent or parents filing the motion also shall file a plan for the exercise of shared parenting by both parents. Finally, the division has time limits and states what factors must be covered.
 {¶ 25} In the case at bar, neither parent filed a pleading or motion for shared parenting, not to mention a plan for the exercise of shared parenting. Both parents requested to be the residential parent. Thus, the court was required by R.C. 3109.04 (A)(1) to allocate parental rights and responsibilities primarily to one parent, designate that parent as the residential parent and legal custodian, and divide all other responsibilities such as child support and visitation.
 {¶ 26} Besides the plain language of the statute, a plethora of case law supports this premise. Appellant cites three cases, Carnavalev. Carnavale (June 29, 2001), 11th Dist. Nos. 200-T-0013, 99-T-0113, and 99-T-0164 (where the court sua sponte amended a proposed shared parenting plan), Bowen v. Bowen (1999), 132 Ohio App.3d 616, and McClain v. McClain
(1993), 87 Ohio App.3d 856 (where the Ninth District stated that the court may only make suggestions for modification of a submitted shared parenting plan and may not create its own plan), but many more exist to support his cause.
 {¶ 27} One of the most relevant cases specifically holds that a previous temporary custody plan does not constitute a formal request for shared parenting under R.C. 3109.04(G). Torch v. Torch (June 19, 1996), 5th Dist. No. 93TC030134. That court concluded that pursuant to R.C.3109.04(A)(1), the court is not given the authority to force shared parenting when it is not requested. Id.
 {¶ 28} If a shared parenting plan is not filed, the court shall not adopt one. Robbins v. Robbins (June 19, 1995), 12th Dist. No. CA94-09-011. The statute does not permit the trial court to sua sponte create a shared parenting plan when neither party requests shared parenting. Davis. Davis (Sept. 5, 2000), 4th Dist. No. 99CA630; Piwinskiv. Piwinski (Mar. 18, 1999), 8th Dist. No. 73956; Slone v. Slone (Nov. 22, 1996), 4th Dist. No. 95CA557. In any case where a shared parenting motion and plan is not filed by either party, the trial court must allocate parental rights by naming one party the residential parent and legal custodian and awarding reasonable visitation to the other party.Swope v. Cooper (Nov. 7, 2000), 10th Dist. No. 00AP-154.
 {¶ 29} In conclusion, the magistrate and the court erred in imposing shared parenting when neither party filed a motion or pleading requesting shared parenting or a shared parenting plan. The mere fact that a temporary custody order is a shared parenting order does not give the court authority to ignore R.C. 3109.04(A)(1) in determining custody at the final hearing. In accordance with the plain language of R.C.3109.04(A)(1) and its accompanying case law, we rule that appellant's second and third assignments of error have merit.
 {¶ 30} For the foregoing reasons, the decision of the trial court is hereby reversed and this case is remanded for a new trial on the issue of which party should be the residential parent and legal custodian.
Waite, P.J., and DeGenaro, J., concur.