OPINION *Page 2 
{¶ 1} On December 1, 1979, appellant, Jeanne Bentley, and appellee, Mark Bentley, were married. Three children were born as issue of the marriage, Mark born October 14, 1980, Matthew born December 15, 1983, and Michael born October 20, 1987. On September 29, 1989, appellant filed for divorce. A final decree of divorce was filed on September 10, 1990. Appellant was granted custody of the children and appellee was ordered to pay child support.
 {¶ 2} On September 1, 1999, appellee filed a motion for the reallocation of parental rights and responsibilities regarding Michael. On January 5, 2000, the parties agreed to designate appellee as the temporary residential parent for school purposes only. On May 5, 2000, the parties filed an agreed judgment entry reflecting the parties' mutual responsibility as to the issue of child support.
 {¶ 3} On July 5, 2002, appellant filed a motion for ex parte order, seeking to regain full custody of the child. By judgment entry filed July 8, 2002, the trial court granted the motion and restored appellant as the residential parent.
 {¶ 4} On February 14, 2005, appellee filed a motion for an emergency court order, seeking residential parenting status regarding the child, and an appropriate child support order. By judgment entry filed same date, the trial court granted appellee emergency custody/residential parenting rights of the child. A hearing before a magistrate was held on June 7, 2005 to determine the issue of child support from July 8, 2002 to November 21, 2004. By decision filed October 21, 2005, the magistrate ordered the Child Support Enforcement Agency to prepare an arrearage calculation and prospective child support would be in accordance with said calculation. *Page 3 
 {¶ 5} Both parties filed proposed findings of fact and conclusions of law. By decision filed September 7, 2006, the magistrate adopted appellee's proposed findings of fact and conclusions of law regarding the issue of child support.
 {¶ 6} Appellant filed objections to the magistrate's October 21, 2005 decision. By entry filed June 18, 2007, the trial court determined the decision was supported by the testimony, but modified the amounts each party owed to the other. A nunc pro tunc entry was filed on July 25, 2007 to reflect the stated amounts were to be paid monthly.
 {¶ 7} On June 27, 2007, appellant filed a motion for new trial, claiming misconduct of the prevailing party and newly discovered evidence. By entry filed July 25, 2007, the trial court denied the motion.
 {¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 9} "THE TRIAL COURT JUDGE ERRED IN GRANTING THE APPELLEE AN EX PARTE ORDER AWARDING HIM PERMANENT RESIDENTIAL PARENTING RIGHTS DURING THE PENDENCY OF THE APPELLANT'S MOTION FOR SUPPORT WITHOUT AN EMERGENCY NEED TO DO SO, EVIDENCE ON THE RECORD AND WITHOUT NOTICE TO THE APPELLANT IN VIOLATION OF DUE PROCESS."
 II {¶ 10} "THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLETE A CHILD SUPPORT WORKSHEET IN SUPPORT OF ITS RULING ON THE ISSUE OF CHILD SUPPORT." *Page 4 
 III {¶ 11} "THE LOWER COURT ERRED IN ORDERING THE APPELLANT TO PAY CHILD SUPPORT BASED UPON THE CHILD'S RESIDING WITH THE APPELLEE PART OF THE TIME AND THE APPELLEE'S DESIGNATION AS RESIDENTIAL PARENT THE REMAINDER OF THE TIME."
 IV {¶ 12} "THE COURT ERRED IN AWARDING SUPPORT TO THE APPELLEE FOR THE PERIOD FROM THE TRIAL TO THE MINOR CHILD'S EMANCIPATION WITHOUT A HEARING AS TO THE CIRCUMSTANCES WHICH WHICH (SIC) EXISTED DURING THAT PERIOD."
 V {¶ 13} "THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO HAVE AN EVIDENTIARY HEARING ON THE APPELLANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE AND THE MISCONDUCT OF THE PREVAILING PARTY IN PRESENTING PERJURED TESTIMONY WITHOUT WHICH THERE WOULD HAVE BEEN A STRONG PRESUMPTION OF A DIFFERENT RESULT."
 I {¶ 14} Appellant claims the trial court erred in granting appellee an emergency order for change of custody without notice or a hearing. We disagree.
 {¶ 15} Appellant argues at the time of the February 14, 2005 emergency order, she had a pending motion for child support and therefore the trial court should have given her notice and held a hearing. We find the issue regarding the granting of the *Page 5 
emergency order has been resolved by the trial court's final decision and is therefore moot as it pertains to this appeal.
 {¶ 16} It is interesting to note that appellant and appellee both benefited from the trial court's use of emergency temporary orders. We find for appellant to complain of the same action that she took on July 5, 2002 to be disingenuous.
 {¶ 17} Assignment of Error I is denied.
 II {¶ 18} Appellant claims the trial court erred in failing to complete a child support worksheet in ordering the amount of child support. We disagree.
 {¶ 19} "A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record." Marker v. Grimm (1992),65 Ohio St.3d 139, paragraph one of the syllabus. Failure to complete and include the worksheet in the record constitutes reversible error.McClain v. McClain (1993), 87 Ohio App.3d 856. We note Marker addresses prior R.C. 3113.215, which the General Assembly repealed on March 22, 2001. "However, the modern version of the support guideline statute, R.C. 3119.022, continues to mandate that a court or agency calculating child support `shall use a worksheet.' Therefore, we find the rule ofMarker applicable to R.C. 3119.022." Cutlip v. Cutlip, Richland App. No. 02CA32, 2002-Ohio-5872, ¶ 8.
 {¶ 20} In his October 21, 2005 decision, the magistrate stated the following: *Page 6 
 {¶ 21} "Based upon the child support worksheet attached hereto, the Child Support Enforcement Agency shall prepare an arrearage calculation and disseminate same to the Court and to counsel for both Plaintiff and Defendant.
 {¶ 22} "Prospective child support shall be in accordance with said child support calculation."
 {¶ 23} A child support computation summary worksheet is attached to the decision.
 {¶ 24} In adopting appellee's proposed findings of fact and conclusions of law on September 7, 2006, the magistrate concluded the following:
 {¶ 25} "21. Plaintiff owes child support to Defendant during the time periods when the child was residing with Defendant.
 {¶ 26} "22. Defendant owes child support to Plaintiff during the time periods when the child was residing with Plaintiff.
 {¶ 27} "23. At the time that the child was residing with both Plaintiff and Defendant, on an alternating basis, neither parent owes child support to the other.
 {¶ 28} "24. The Fairfield County Child Support Enforcement Agency should prepare a child support calculation arrearage statement based upon the facts and Decision issued on October 21, 2005, in accordance with law.
 {¶ 29} "25. All remaining court costs should be allocated and paid equally by both Plaintiff and Defendant."
 {¶ 30} We find the attachment of the child support computation summary worksheet to the magistrate's October 21, 2005 decision and the specific adoption of it *Page 7 
in the findings of fact and conclusions of law to be sufficient to fulfill the requirements of R.C. 3113.215.
 {¶ 31} Assignment of Error II is denied.
 III, IV {¶ 32} Appellant claims the trial court erred in overruling her objection to the magistrate's decision regarding when child support was due to appellant, and in failing to determine with whom the child resided from the trial date of June 7, 2005 to the child's graduation from high school on June 6, 2006.
 {¶ 33} Appellant challenged the following findings from the magistrate's October 21, 2005 decision:
 {¶ 34} "That from July 8, 2002 through September 8, 2002, the minor child resided primarily with the Defendant, father, Plaintiff, mother therefore being the child support obligor.
 {¶ 35} "That from September 9, 2002 through November 21, 2004 the minor child resided with both Plaintiff and Defendant on an equal basis with no support owed be (sic) either party to the other.
 {¶ 36} "That from and after November 21, 2004 the minor child resided primarily with the Defendant, father and that therefore the Defendant father is the residential parent of the minor child and the Plaintiff mother is the support obligor."
 {¶ 37} The objection to these findings claimed the child lied in court, and appellant supported this claim with the child's affidavit. In its entry filed June 18, 2007, the trial court rejected this argument of perjured testimony and accepted the testimony given during the magistrate's hearing as the truth of the matter: *Page 8 
 {¶ 38} "The Court, having reviewed the Plaintiff's objections to the Magistrate's Decision of October 21, 2005, the Findings of Facts and Conclusions of Law adopted September 7, 2006, as well as the transcript of the hearing held June 7, 2005, hereby finds that the Magistrate's Decision of October 21, 2005, was supported by the testimony of the parties as to when the child herein resided with the Plaintiff, when he resided with the Defendant and when the child alternated weeks residing with the Plaintiff and Defendant."
 {¶ 39} Clearly the trial court rejected the issue of perjured testimony. Appellant admitted that the child lived with appellee from November 22, 2004, and it was the child's wishes in 2005 to live one-third of the time with appellant and two-thirds of the time with appellee. June 7, 2005 T. at 16, 18. Prior to this time, appellant testified the percentages were reversed. Id. at 19.
 {¶ 40} Conversely, appellee testified that between 2002 and 2004, the child was with them equally and since that time, the child has been exclusively with him. Id. at 64-65. Appellee's testimony coincides with the magistrate's decision and was substantiated by the child. It is clear on the issue of credibility, the magistrate and the trial court accepted appellee's position. In assessing the evidence, the trier of fact is in the best position to determine where the truth will be found.State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881. In this case, both parties asserted they had the primary care of the child. Also, each presented the child's testimony to support their respective position.
 {¶ 41} When parties seek to engage in the game of "Whom Do You Trust," it is inevitable that one person's position will be rejected. The fact that the child was made a *Page 9 
pawn in the matter is unconscionable. Whichever testimony prevailed, the child is the loser.
 {¶ 42} We find there was sufficient evidence to support the trial court's findings.
 {¶ 43} In addition, under the custody order in effect, it was presumed that appellee was the residential parent. Appellant argues the decision is inconsistent. We do not agree. The magistrate and trial court followed the previous parenting order and found that when one is the residential parent, support is owed to the other parent.
 {¶ 44} Assignments of Error III and IV are denied.
 V {¶ 45} Appellant claims the trial court erred in not holding a hearing on the motion for new trial. We disagree.
 {¶ 46} Pursuant to Civ. R. 59(A), a trial court may grant a motion for new trial upon any of the following grounds:
 {¶ 47} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
 {¶ 48} "(2) Misconduct of the jury or prevailing party;
 {¶ 49} "(3) Accident or surprise which ordinary prudence could not have guarded against;
 {¶ 50} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 {¶ 51} "(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property; *Page 10 
 {¶ 52} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 {¶ 53} "(7) The judgment is contrary to law;
 {¶ 54} "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 {¶ 55} "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application;
 {¶ 56} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."
 {¶ 57} Essentially, the argument within the motion for new trial pertained to the child's perjured testimony. This issue was fully reviewed in the trial court's determination of appellant's objections and rejected.
 {¶ 58} We find no error in the trial court's denial of the motion for new trial.
 {¶ 59} Assignment of Error V is denied. *Page 11 
 {¶ 60} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.
 By Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is affirmed. *Page 1