The STATE of Ohio, Appellee,

v.

DENSON, Appellant.

[Cite as *State v. Denson* (1990), 66 Ohio App.3d 833.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890321.

Decided June 13, 1990.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *William E. Breyer,* for appellee.

*H. Fred Hoefle* and *Thomas A. Gelwicks,* for appellant.

---

*Per Curiam.*

Defendant-appellant, Dwight Denson, was charged with one count of aggravated burglary, one count of aggravated robbery, and two counts of aggravated murder with death-penalty specifications in connection with the October 31, 1984 death of a seventy-two-year-old Over–the–Rhine woman. Denson was found guilty on all counts, and following a mitigation hearing, the jury recommended the imposition of the death penalty. The trial court adopted the jury's recommendation and sentenced appellant to death on each of the aggravated-murder counts. The lower court further sentenced appellant to ten to twenty-five years, with ten years' actual incarceration, on the aggravated burglary, and ten to twenty-five years, with ten years' actual incarceration, on the aggravated robbery.

Denson appealed, and this court, finding error in the sentencing proceedings, reversed the aggravated-murder conviction and remanded the case to the trial court for a new penalty hearing where imposition of the death penalty would remain a possibility.[1] Upon review, the Ohio Supreme Court reversed with respect to the breadth of our remand order, and remanded the case to the trial court for the resentencing of Denson to life imprisonment on the aggravated-murder conviction pursuant to *State v. Penix* (1987), 32 Ohio St.3d 369, 513 N.E.2d 744.[2]

---

1. *State v. Denson* (Oct. 1, 1986), Hamilton App. No. C–850311, unreported, 1986 WL 11244.

2. *State v. Denson* (1988), 40 Ohio St.3d 30, 531 N.E.2d 674.

Prior to the resentencing hearing, Denson filed a motion requesting both a full mitigation hearing and an order releasing institutional records for his use at the mitigation hearing. The trial court denied this motion and likewise denied an oral request made at the sentencing hearing to delay sentencing until Denson's mother could arrive from her residence in Tacoma, Washington. The trial court then imposed a sentence of life imprisonment with parole eligibility after thirty years on the aggravated-murder charges and retained the original sentences on the other charges. This appeal followed.

Denson's first assignment of error alleges that the trial court "erred to the prejudice of [his] rights under the Sixth, Eighth, and Fourteenth Amendment[s] * * * by denying [his] motion for release of his institutional records and for a full mitigation hearing."

Denson initially asserts that even though he was remanded for resentencing without death as an option, his case nevertheless remained a capital case under R.C. 2901.02(B), and that, therefore, he was entitled to a full mitigation hearing pursuant to R.C. 2929.03. This argument is meritless.

In *State v. Penix, supra,* the Ohio Supreme Court essentially concluded that the death penalty is not an alternative in sentencing once a death sentence is vacated and that R.C. 2929.06 governs resentencing proceedings. R.C. 2929.06 provides in pertinent part:

"If the sentence of death that is imposed upon any offender is vacated * * *, the trial court that sentenced the offender shall conduct a hearing to resentence the offender. At the resentencing hearing, the court shall sentence the offender to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment."

Unlike its role in R.C. 2929.03 proceedings, the trial court, in conducting a resentencing hearing pursuant to R.C. 2929.06, is not called upon to determine whether to impose a death sentence after weighing the mitigating factors against the aggravating circumstances of the offense committed. Rather, under R.C. 2929.06 the offender automatically receives a sentence of life imprisonment, and a hearing is then conducted for the limited purpose of determining whether the offender should receive parole eligibility after either twenty or thirty years' imprisonment. Accordingly, contrary to Denson's assertion, a "full" mitigation hearing within the meaning of R.C. 2929.03 is not required when an offender is resentenced pursuant to R.C. 2929.06.

Denson next maintains that the trial court erred in not granting his motion to order the release of his institutional records. Denson admits that he made no effort to subpoena the records or to examine them before

requesting the trial court's intervention. Denson nevertheless asserts that the trial court should have ordered the records' release to him so that he could have inspected them to determine their usefulness as mitigating evidence at the resentencing hearing. In the absence of any authority that imposes a duty on the trial court to "order" documents and other evidentiary materials for a defendant's use at an R.C. 2929.06 resentencing hearing, we find Denson's position untenable. The first assignment of error is overruled.

Under the second assignment of error Denson claims that his constitutional rights were violated by the trial court's refusal to continue the case until his mother could arrive from Tacoma, Washington.

The grant or denial of a continuance is a matter within the broad discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078. "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite* (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921, 931.

The request for the continuance at issue here was made orally at the resentencing hearing. Defense counsel apprised the court that Denson had just advised him that he "would like to have [his mother] here." Denson then told the court that he wanted his mother present at the sentencing proceeding because " * * * for some reason my trial attorneys didn't get my mother to testify on my behalf." However, neither Denson nor his counsel indicated when his mother would have been available. Thus, the record is totally devoid of any indication of the extent to which the hearing would have been delayed by Denson's request. Based upon this state of the record, we cannot say that the trial court abused its discretion by refusing to defer the hearing. Denson's second assignment of error is accordingly overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Utz, P.J., Hildebrandt and Gorman, JJ., concur.