OPINION
Defendant-appellant, Harold Stookey ("Harold"), appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, denying his motion for a continuance of his divorce hearing. We affirm the decision of the trial court.
Appellant married appellee, Shirley Stookey, on October 18, 1998. On July 17, 2000, appellee filed for divorce. The trial court set a hearing date before a magistrate of January 18, 2001.
In the interim, appellant was charged with a sexual offense against his stepdaughter, appellee's biological daughter. At the January 18, 2001 divorce hearing, appellant's counsel made an oral motion for a continuance. Appellant's counsel noted the pending criminal case and expressed a concern that appellant's testimony at the divorce hearing might incriminate him. Appellant's counsel also noted that issues as to appellant's competency and sanity were pending before the court in appellant's criminal case, which should be resolved before proceeding with the divorce matter. The magistrate denied appellant's request for a continuance and proceeded with the hearing. When appellee's attorney called appellant to testify, appellant refused to testify to matters other than his name and address. The hearing proceeded solely on appellee's testimony. At the conclusion of the hearing, the magistrate granted the divorce and divided the parties' assets.
Appellant filed objections to the magistrate's decision, arguing that the magistrate should have granted his request for a continuance. The trial court sustained appellant's objection and remanded the case for the limited purpose of allowing appellant an opportunity to testify. The trial court ruled that appellant's Fifth Amendment right against self-incrimination did not allow appellant to refuse to answer every question, but only those questions that could lead to incriminating answers. A new hearing date was set for June 5, 2001. On April 20, 2001, the trial court notified both parties' counsel of the June 5, 2001 hearing date. In the interim, appellant entered a guilty plea in his criminal case, and was incarcerated.
At the June 5, 2001 hearing, appellant, through his counsel, again filed a motion for a continuance in order to allow time to explore a method by which he could testify. The magistrate denied appellant's motion and reissued his previous decision. Appellant filed objections. On July 5, 2001, the trial court overruled appellant's objections and adopted the magistrate's decision. In its entry overruling appellant's objections, the trial court stated that appellant wanted to "delay the case with yet another objection." The trial court further stated that "[e]ven if [appellant] were incarcerated for the June 5th hearing as his counsel represents, his deposition could have been taken or other arrangements made."
Appellant now appeals the trial court's decision denying his motion for a continuance, raising one assignment of error.
Assignment of Error No. 1:
 "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT REFUSED TO GRANT A CONTINUANCE, AND THAT DECISION DENIED HAROLD DUE PROCESS OF LAW BECAUSE IT WAS IMPOSSIBLE FOR HIM TO TESTIFY."
Under his sole assignment of error, appellant argues that the trial court's decision unfairly denied him his day in court, depriving him of his constitutionally guaranteed due process under the law.
The decision to grant or deny a motion for continuance is committed to the sound discretion of the trial court. State v. Mason,82 Ohio St.3d 144, 155, 1998-Ohio-370. An appellate court should not reverse the denial of a continuance unless there has been an abuse of discretion. State v. Bayless (1976), 48 Ohio St.2d 73, 101.
"There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case[.]" State v. Denson
(1990), 66 Ohio App.3d 833, 836, quoting Ungar v. Sarafite (1964),376 U.S. 575, 589, 84 S.Ct. 841.
We do not find an abuse of discretion or a denial of due process by the trial court. As the trial court noted in its entry, appellant could have testified via deposition or made other arrangements to take part in the divorce proceeding. The record shows that the trial court sent notice of the June 5, 2001 hearing to both parties on April 20, 2001. Thus, appellant had over a month to arrange for his testimony at the hearing by deposition or otherwise, such as requesting transport to court. Appellant and his counsel could have reviewed appellee's testimony at the January 18, 2001 hearing and presented testimony as to any matters appellant contested. However, no motion or filing was made until the day of the June 5, 2001 hearing when appellant's counsel orally made a motion for a continuance.
Additionally, appellant has not shown that he suffered prejudice by the trial court's denial of his motion for a continuance. Appellant has not pointed to any portion of the divorce decree which he feels is unfair or which would have been altered by his testimony.
In sum, we find that denying appellant's motion for a continuance was within the trial court's discretion and did not constitute a denial of due process. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.