OPINION
{¶ 1} Defendant-appellant Richard D. Raff, III, appeals from the July 8, 2004, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, which granted a divorce to appellant and plaintiff-appellee Carol Raff.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Plaintiff-appellee Carol Raff filed a Complaint for Divorce on August 6, 2003. The parties had been married since April 11, 1987, and three minor children were born as issue of the marriage. Ultimately, the parties entered into an agreement regarding the allocation of parental rights and responsibilities for the minor children and appellant's companionship. Only the financial and property issues remained for the trial court to determine. A trial on those issues was held on May 28, 2004.
 {¶ 3} The following evidence was adduced at trial. The parties' marital home was appraised at $231,000.00 but only if repairs were made, which have been estimated at $20,000.00. In addition, there were mortgages on the property totaling approximately $169,000.00. Appellant owned a 1997 BMW 740. Appellee had a pension and a life insurance policy. The parties owned Cleveland Browns season tickets, a Brookside Country Club Membership and an assortment of personal property.
 {¶ 4} During the marriage, appellee quit a teaching position and assumed the roll of primary caregiver for the parties' three children. Appellant is a self-employed, licensed stockbroker, operating his own business. Thus, appellant was the primary wage earner. Appellant assumed sole responsibility for the household finances. Appellee testified that she did not understand much of the financial matters and when she inquired about them, appellant responded "don't worry about things." Tr. at 13.
 {¶ 5} At trial, several instances of financial misconduct by appellant came to light. Appellee testified that she had recently learned that appellant had not filed the parties' taxes since 1997. Appellee testified that she was completely unaware that appellant had failed to file those taxes. When she learned of this, appellee saw an accountant and filed a separate return. Appellee was forced to borrow approximately $2,000.00 from her father to pay the taxes, penalties and interest. Appellee testified that she is now current on her taxes and appellant is not. According to appellee's trial exhibit, appellant owes between $387,000.00 and $500,000.00 in taxes, not including penalties and interest. Tr. at 17-18; Appellant's Ex. P. Appellant admitted the taxes were his obligation. Tr. at 185.
 {¶ 6} Appellant sold both Cleveland Browns season tickets and did not deposit the proceeds into the parties' account. Tr. at 50 — 53. Appellant removed many of the parties' household items from the marital home. In addition, appellant failed to meet his obligation to pay 65% of the childrens' medical bills as required by the trial court's temporary orders. Tr. at 64-65. Appellant failed to pay his portion of the parties' monthly bills, which included the garbage bill, electric bill, and water bill. Tr. at 65-69. Appellant failed to make the minimum payments for the parties' credit cards which he was required to do under the trial court's temporary orders. In addition, appellant incurred significant debt on various credit cards without appellee's knowledge. Tr. at 70-74.
 {¶ 7} On July 8, 2004, the trial court issued a Judgment Entry dividing the marital assets and debts, determining child support and spousal support to be paid by appellant, as well as other issues. The trial court found that, during the divorce, some of appellant's "actions and conduct were questionable in the eyes of the court." The trial court concluded that appellant was guilty of financial misconduct due to his failure to file taxes from 1997 to present and failure to account for marital funds. The trial court divided the parties' property, declaring it to be an equitable division. The trial court ordered appellant to pay child support in the amount of $800.00 per child per month and spousal support in the amount of $400.00 per month for five years.
 {¶ 8} It is from the July 8, 2004, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 9} "I. WHETHER THE TRIAL COURT ERRED IN ITS ORDER CALCULATING APPELLANT'S CHILD SUPPORT OBLIGATION AND FAILING TO PREPARE A CHILD SUPPORT GUIDELINE WORKSHEET.
 {¶ 10} "II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DIVIDING THE PARTIES' PROPERTY AND FAILING TO FOLLOW THE STATUTORY PRESUMPTION OF EQUAL DIVISION OF MARITAL ASSETS, FAILING TO EQUITABLY DIVIDE THE PARTIES' ASSETS, OR TO MAKE WRITTEN FINDINGS TO DEMONSTRATE THAT THE PROPERTY DIVISION IS EQUITABLE AS REQUIRED BY STATUTE.
 {¶ 11} Appellee filed a cross appeal. Appellee raises the following cross assignment of error:
 {¶ 12} "If this court remands the trial court's child support award, it must also remand the trial court's spousal support award."
 I {¶ 13} In the first assignment of error, appellant contends that the trial court erred when it awarded child support but failed to prepare a child support worksheet. We agree.
 {¶ 14} "A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215 [now R.C. 3119.022], must actually be completed and made a part of the trial court's record."Marker v. Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, at paragraph one of the syllabus. Failure to complete and include the worksheet in the record constitutes reversible error. McClain v. McClain (1993),87 Ohio App.3d 856, 858, 623 N.E.2d 242.
 {¶ 15} We first note that Marker addresses the previous version of R.C. 3113.215, which the General Assembly repealed on March 22, 2001. However, the current version of the support guideline statute, R.C.3119.022, continues to mandate that a court or agency calculating child support "shall use a worksheet." Therefore, we find the rule of Marker
applicable to R.C. 3119.022. See Cutlip v. Cutlip, Richland App. No. 02CA32, 2002-Ohio-5872.[1]
 {¶ 16} In this case, both appellant and appellee agree that the trial court failed to prepare a child support worksheet and that this error constitutes reversible error in this case. We agree. Accordingly, appellant's first assignment of error is sustained. The trial court's award of child support is reversed.
 II {¶ 17} Appellee presents a counterclaim which is related to appellant's first assignment of error. In the counterclaim, appellee asserts that if this court should sustain appellant's first assignment of error, this court should also reverse the trial court's decision as to spousal support. We agree.
 {¶ 18} An award of child support is a factor the trial court must consider in crafting a spousal support award. See R.C. 3105.18(C)(1)(i) and Ervin v. Ervin, Scioto App. No. 02CA12850, 2003-Ohio-3517, Par. 19. Thus, the trial court's monthly spousal support award was based, in part, upon the trial court's child support award.
 {¶ 19} Accordingly, appellee's cross assignment of error is sustained and the trial court's decision as to spousal support is reversed.
 III {¶ 20} In appellant's second assignment of error, appellant argues that the trial court abused its discretion when it divided the parties' property without dividing the property equally or, in the alternative, failed to make findings as to the value of the parties' marital property nor findings to demonstrate that the property division was equitable. We agree.
 {¶ 21} A review of a trial court's division of marital property is governed by the abuse of discretion standard. Martin v. Martin (1985),18 Ohio St.3d 292, 480 N.E.2d 1112. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. See Middendorf v.Middendorf, 82 Ohio St.3d 397, 1998-Ohio-403, 696 N.E.2d 575. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 22} Revised Code 3105.171(C) mandates an equal division of marital property, unless such would be inequitable under the circumstances. In dividing marital assets, and in deciding whether to order an unequal award, a trial court must consider all relevant factors, including those listed in R.C. 3105.171(F).[2] The trial court must address these statutory factors in making a decision. Neel v. Neel (1996),113 Ohio App.3d 24, 32, 680 N.E.2d 207. The trial court also must make written findings of fact to support its decision to divide the martial property equitably. See R.C. 3105.171(G).[3]
 {¶ 23} The trial court made the following findings and distribution of the parties' assets:
 {¶ 24} "4. The Court finds that during this divorce both parties remained in same home and certain actions and conduct of the Defendant were questionable in the eyes of the Court.
 {¶ 25} "5. Defendant took care of finances during the marriage. Court finds Defendant is guilty of financial misconduct due to his failure to file taxes from 1997 to present and failure to account for marital funds.
 {¶ 26} "6. The martial real estate is located at 6954 Salerno Street, N.W., Canton, Ohio, and it is approximately worth two hundred thirty-one thousand dollars ($231,000.00) and has two mortgages of approximately one hundred sixty-nine thousand dollars ($169,000.00). Husband claims thirty-two thousand dollars ($32,000.00) as separate property. However, the property has been refinanced on numerous occasions and Husband used most of these funds for his personal purposes. Court does not find the thirty-two thousand dollars ($32,000.00) as separate property. Wife has a pension and they have marital property. Further, Defendant has removed marital property to his current residence.
 . . . {¶ 27} "The marital residence is awarded to the Wife. Wife is to refinance within two (2) years. Wife is awarded her pension, life insurance policy and all personal property in her possession except kitchen table, leather furniture, 2 glass coffee tables, blue and white couch, marital bed, white dishes and den TV. Husband is awarded his business, 1997 BMW 740, Cleveland Browns Tickets, Brookside membership, his business furniture and items wife is to return as previoiusly set forth above. Court finds it is an equitable division. . . .
 {¶ 28} "Wife is to pay 1/4 of the Sears Gold Master Card, Citgo Credit Card and Bank of America US Airways Credit Card. Husband is to pay MBNA Cleveland Browns Card, Shell Credit Card, CareMark, FirstMerit Visa Gold Credit Card, all taxes and 3/4 of Sears Gold Master Card Credit Card and 60% of Hall Law Firm Guardian ad Litem fees." Judgment Entry, July 8, 2004.
 {¶ 29} Based upon the trial court's finding that this distribution is equitable, we conclude that this distribution was an unequal distribution of marital property. However, it is impossible to determine whether the distribution was, in fact, unequal and if it was, whether it was equitable. The trial court found that the marital residence had a value of $62,000.00 after consideration of the mortgages on the property. However, beyond that figure, the trial court assigns no dollar value to the property awarded to the parties. See R.C. 3105.171(G). The trial court also makes no findings regarding the specific amount of debt of the parties except for the mortgage on the home. Because the trial court failed to make findings regarding the value of most of the parties' property and failed to make specific findings regarding the financial misconduct, this court cannot determine whether the division of property was equal, and if not, whether the alleged financial misconduct justifies an unequal division of the property. "[I]n allocating property between the parties to a divorce, a trial court must indicate the basis of its award in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable, and in accordance with the law."Neel, supra., (quoting Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,518 N.E2d 1197, para. two of syllabus). As such, we find that the trial court abused its discretion in dividing the marital property. The total lack of specificity leaves this court with no rhyme nor reason upon which to review the July 8, 2004, Judgment Entry.
 {¶ 30} Accordingly, appellant's second assignment of error is sustained.
 {¶ 31} The portion of the Judgment of the trial court regarding child support, spousal support and division of property is reversed. The remaining portions of the Entry are affirmed. This matter is remanded for further proceedings consistent with this Opinion.
Edwards, J. Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed as to child support, spousal support and division of property. The remaining portions of the Entry are affirmed. This matter is remanded for further proceedings. Costs assessed to appellee.
[1] We are cognizant that at least one appellate court has approached this issue by analyzing whether a court's failure to follow the statute per Marker has affected the parties' substantial rights. See Carr v.Blake (Feb. 18, 2000), Hamilton App. No. C9-90174, at 4, 2000 WL 192138. Nonetheless, the Supreme Court expressed concern in Marker that due to the lack of inclusion of the worksheet in the record, they were "left to speculate" as to how the trial court determined that the child support figure ordered was the appropriate amount. Marker at 142, 601 N.E.2d 496. In Carr, the court noted that there was an extensive record available for review that was "replete with `information concerning many of the items necessary to complete a worksheet.'" Carr, supra. at 4. In addition, this court has held that when the trial court indicates that neither party has any income, the court's failure to file a child support worksheet did not affect the parties' substantial rights or hinder appellate review of the matter. Perkins v. Perkins, Stark App. No. 2003CA00405, 2004-Ohio-6758. However, in this case, the record shows that there was income to be considered and does not indicate how the trial court calculated child support. Thus, substantial rights were affected and appellate review has been hindered.
[2] "In making a division of marital property and in determining whether to make and the "amount of any distributive award under this section, the court shall consider all of the following factors:
"(1) The duration of the marriage;
"(2) The assets and liabilities of the spouses;
"(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
"(4) The liquidity of the property to be distributed;
"(5) The economic desirability of retaining intact an asset or an interest in an asset;
"(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
"(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
"(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
"(9) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.171(F).
[3] "In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage." R.C. 3105.171(G).