OPINION
{¶ 1} Defendant-appellant Michael Phillips appeals from the May 23, 2005, Decree of Divorce entered by the Licking County Court of Common Pleas, Domestic Relations Division. Plaintiff-appellee is Nancy Phillips.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 22, 2005, plaintiff-appellee Nancy Phillips filed a complaint for a divorce with children. Appellee stated that the parties were married on February 12, 1983, and that three children were born as issue of the marriage. At the time the complaint was filed, one of those children was emancipated and two of the children were minors. Appellee sought a divorce on the grounds that the parties were incompatible and that appellant was guilty of gross neglect of duty.
 {¶ 3} Defendant-appellant failed to file an answer. Accordingly, on April 19, 2005, the matter was set for a final uncontested divorce hearing to be held on May 3, 2005. Notice of the uncontested divorce hearing was sent to appellant. Subsequently, on May 4, 2005, the hearing was continued due to appellee's failure to attend a required parenting seminar. The hearing was rescheduled for May 23, 2005. The corresponding Judgment Entry was sent to appellant.
 {¶ 4} Shortly before the scheduled start time of the May 23, 2005, hearing, appellant appeared and filed a motion requesting a continuance, leave to plead, and additional time to seek counsel. In the motion, appellant stated that he was seeking a continuance due to health reasons. Specifically, appellant stated that he was being treated by a doctor for severe depression and had suffered difficulties and withdrawal symptoms from prescribed medication. The trial court denied appellant's motion by Judgment Entry filed May 23, 2005. In so doing, the trial court noted the following: Appellee filed her complaint on February 22, 2005. Appellant was properly served with the complaint on February 23, 2005. Appellee objected to any continuance.
 {¶ 5} The hearing proceeded. That same day, May 23, 2005, the trial court issued a Decree of Divorce. In that Decree, the trial court found that appellant had been served with the divorce complaint but failed to answer. The trial court granted the divorce and divided the marital property, noting that appellee had waived determination and findings as to what constituted marital property and separate property.[1] No dollar values were assigned to the property awarded to either party. In addition, the trial court designated appellee as the residential parent and legal custodian of the parties' minor children and ordered appellant to pay child support.
 {¶ 6} On June 22, 2005, appellant filed a notice of appeal. Apparently, the hearing was not recorded in any manner because on July 5, 2005, appellant filed a statement of proceedings pursuant to App. R. 9(C). According to appellant's statement of the proceedings, appellee offered no testimony regarding the value of the marital assets, the best interests of the children, or any other relevant issue, other than to present testimony necessary to establish jurisdiction, venue and grounds for divorce. Appellant further stated that he was present in court, but was not given an opportunity to cross examine appellee or her witnesses or the opportunity to present any evidence or testimony.
 {¶ 7} On July 8, 2005, appellee filed a statement of the evidence and proceedings. Appellee stated that in the course of the final hearing, appellee and her witnesses were examined by counsel and the trial court. According to appellee, the trial court reviewed the evidence outlined in appellee's proposed Decree of Divorce and approved the same.
 {¶ 8} On August 3, 2005, the trial court filed its Reconciliation of Statement of Evidence. In that Reconciliation, the trial court made the following statements:
 {¶ 9} "On May 23, 2005, 24 minutes before the final uncontested divorce hearing, the defendant filed a request for continuance . . . After due consideration of the statements of plaintiff's counsel and defendant, the Court denied the continuance. Thereupon, the defendant attempted to walk out of the hearing but was ordered to remain until the hearing was over. The defendant remained in the courtroom but refused to participate further in the proceedings.
 {¶ 10} "The Court received the necessary evidence to establish the grounds for divorce, an equitable division of the marital property with defendant receiving the marital residence and an equal division of the marital portions of the parties' respective retirements.
 {¶ 11} "The Court determined that it would be in the best interests of the children for the plaintiff to be the residential parent and defendant's child support order was pursuant to the guidelines. Defendant's parenting times were established at aminimum pursuant to the Court's local rule for parenting times for non-residential parents.
 {¶ 12} "Upon completion of the hearing, the defendant immediately left the court room." (Emphasis original).
 {¶ 13} It is from the May 23, 2005, Decree of Divorce that appellant appeals, raising the following assignments of error:
 {¶ 14} "I. THE DECISION OF THE TRIAL COURT IS NOT ADEQUATELY SUPPORTED BY, AND IS CONTRARY TO THE MANIFEST WEIGHT OF, THE EVIDENCE.
 {¶ 15} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY FAILING TO GRANT THE APPELLANT'S MOTION FOR LEAVE TO FILE AN ANSWER.
 {¶ 16} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE MOTION FOR CONTINUANCE FILED BY THE APPELLANT."
 I {¶ 17} In the first assignment of error, appellant contends that the trial court's decision was not adequately supported by the evidence and was against the manifest weight of the evidence. Specifically, appellant argues that the trial court 1) failed to receive evidence concerning the value of the assets and liabilities and then make a factual finding as to those values; 2) failed to consider the factors delineated in R.C. 3105.171
(Division of Property), 3105.18 (Spousal Support) and 3109.04 (Allocation of Parental Rights and Responsibility); 3) and failed to make an adequate record and/or findings to enable appellate review of its actions.
 {¶ 18} We will first address the trial court's division of property and the record before this court. A trial court enjoys broad discretion in fashioning an equitable division of marital property and in awarding spousal support. See Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218, 481-482,450 N.E.2d 1140, 1141. To find an abuse of that discretion, the record must show more than an error of judgment on the trial court's part; the trial court's decision must be unreasonable, arbitrary, or unconscionable. Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028.
 {¶ 19} However, in determining a division of marital property, the trial court must consider and address the factors listed in R.C. 3105.171.[2] Focke v. Focke (1992),83 Ohio App.3d 552, 554, 615 N.E.2d 327, 328; Layne v. Layne
(1992), 83 Ohio App.3d 559, 562, 615 N.E.2d 332, 333-334. Failure to consider these mandatory statutory factors is an abuse of discretion. See, e.g., Bisker v. Bisker (1994),69 Ohio St.3d 608, 609, 635 N.E.2d 308, 309. See, also, Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96, 518 N.E.2d 1197, 1200-1201. Further, in order for this court to review the allocation of property between parties to a divorce and any support award, the "trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." R.C.3105.171(G), supra; Kaechele, 35 Ohio St.3d at 93, paragraph two of the syllabus. See, also, Layne, 83 Ohio App.3d at 564. This includes assigning a value to the parties' major assets and debts. E.g. Raff v. Raff, Stark App. No. 2004CA00251,2005-Ohio-3348.
 {¶ 20} In the present case, neither the Reconciliation of Statement of Evidence, pursuant to App. R. 9(C), nor the trial court's judgment entry indicates that the court considered the factors enumerated in R.C. 3105.171. Further, there is no statement of any specific evidence nor any factual findings regarding the values of any marital or separate property or debt in either the Reconciliation of Statement of Evidence or Judgment Entry. In the App. R. 9(C) statement, the trial court only provides this court with a statement that it "received the necessary evidence to establish . . . an equitable division of martial property . . . and an equal division of the marital portions of the parties' respective retirements." Because of the lack of evidence in the Reconciliation of Statement of Evidence to support a conclusion that the trial court considered the mandatory statutory factors and because the trial court failed to indicate the factual basis and valuations for its division of property in its judgment entry and in its Reconciliation of Statement of Evidence, we find the trial court's division of property and debt constitutes reversible error.
 {¶ 21} Next, this court will address appellant's contention that the trial court failed to apply the statutory factors and requirements concerning allocation of parental rights and responsibilities pursuant to R.C. 3109.04. Parental rights and responsibilities are to be allocated based upon the best interest of the child. Braatz v. Braatz (1999), 85 Ohio St.3d 40, 43,706 N.E.2d 1218. Revised Code 3109.04(F) provides factors to be considered in making that determination.
 {¶ 22} Generally, absent a Civ. R. 52 motion, a trial court need not make specific findings correlating to R.C. 3109.04(F). See Harp v. Harp (Apr. 16, 1990), Clermont App. No. CA 89-08-075, 1990 WL 44216. Further, an appellate court will presume regularity in the trial. State v. Coombs (1985),18 Ohio St.3d 123, 125, 480 N.E.2d 414. Therefore, generally this court would presume that the trial court considered the R.C.3109.04(F) factors, unless there is reason to believe the trial court did not consider those factors. See Bird v. Bird (Feb. 19, 1985), Stark App. No. CA 6423, 1985 WL 7188.
 {¶ 23} In this case, the trial court's Decree of Divorce not only fails to mention R.C. 3109.04 or make any related factual findings, it also fails to indicate that the trial court considered the children's best interests in designating appellee the residential parent. Further, the trial court's Reconciliation of Statement of Evidence fails to indicate what evidence was received pertaining to this issue. We find that there should be some indication in the Reconciliation of Statement of the Evidence as to what evidence the court received on the children's best interest and an indication in the judgment entry that the trial court considered the children's best interest when it allocated parental rights and responsibilities.[3] SeeHawkins v. Hawkins (Dec. 18, 1979), Franklin App. No. 79AP-404, 1979 WL 209530.
 {¶ 24} Last, appellant attempts to raise an issue in regard to spousal support, pursuant to R.C. 3105.18. However, the trial court did not order appellant to pay spousal support and appellant did not request spousal support. See R.C. 3105.18(B). Accordingly, we find that appellant has no grounds upon which to appeal any issue concerning spousal support.
 {¶ 25} For the foregoing reasons, appellant's first assignment of error is sustained as it pertains to the division of property and allocation of parental rights and responsibilities. This matter is remanded with instructions to the trial court to prepare a Reconciliation of Statement of Evidence which directly and expressly addresses appellant's assertion that there was no evidence presented regarding the value of the property and the best interests of the children by presenting a statement of that evidence. If the trial court cannot provide a Reconciliation of Statement of Evidence which specifically delineates the evidence presented on these issues, the trial court is instructed to conduct a new trial. See Statev. Leonard (April 22, 1993), Cuyahoga No. 63865 1993 WL 127080. Further, the trial court is instructed to consider R.C. 3105.171
and R.C. 3109.04 in light of the relevant evidence presented. Further, the trial court, in its Decree of Divorce, is instructed to assign values to the property divided, in compliance with R.C.3105.171(G).
 II, III {¶ 26} In the second and third assignments of error, appellant argues that the trial court abused its discretion when it denied appellant's motion for leave to file an answer and for a continuance, respectively. We will consider these assignments of error together.
 {¶ 27} According to Civ.R. 6(B)(2), the trial court has the discretion to permit the filing of a late answer if the motioning party demonstrates excusable neglect. Miller v. Lint (1980),62 Ohio St.3d 209, 214, 404 N.E.2d 752. A court's decision on whether a party's neglect was excusable shall not be reversed absent an abuse of discretion. Marion Prod. Credit Assn. v.Cochran (1988), 40 Ohio St.3d 265, 271, 533 N.E.2d 325. In determining whether neglect is excusable, the court takes all of the surrounding facts and circumstances into consideration.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122.
 {¶ 28} Likewise, the decision to grant or deny a motion for a continuance is committed to the sound discretion of the trial court. State v. Mason, 82 Ohio St.3d 144, 155, 1998-Ohio-370,694 N.E.2d 932. "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case . . ." State v. Denson (1990), 66 Ohio App.3d 833,836, 586 N.E.2d 1125, (quoting Ungar v. Sarafite (1964),376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921).
 {¶ 29} Appellant sought a continuance and leave to answer in a single, combined motion. Appellant based his requests upon claims that he had been under a doctor's treatment for severe depression and had suffered side effects from the medication. Appellant claimed that he was suffering from withdrawal as a result of one of those medications.
 {¶ 30} In response to appellant's motion, appellee objected to any continuance. Ultimately, the trial court denied appellant's motion.
 {¶ 31} Upon review, we find no abuse of discretion. Appellant provided no supporting documentation regarding his depression or treatment. In addition, appellant provided no details as to the severity of the depression and withdrawal symptoms or the extent to which he was prevented from answering the complaint. Further, appellant was served with the complaint on February 23, 2005. Subsequently, appellant was notified of the date of the final hearing. Yet, appellant waited until the morning of the trial, just minutes before its schedule start time, to file his motion. Such a motion presented an inconvenience to the trial court, witnesses and opposing counsel. Further, it was appellant's own conduct, failure to file an answer or to obtain counsel, which resulted in the need for a continuance.
 {¶ 32} For the foregoing reasons, we find no abuse of discretion. Accordingly, appellant's second and third assignments of error are overruled.
 {¶ 33} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed, in part, and reversed, in part, to the extent that it orders a division of property and debt between appellant and appellee and allocates parental rights and responsibilities. The matter is remanded for further proceedings consistent with this opinion.
Edwards, J., Hoffman, P.J. concurs and dissents.
Wise, J. concurs separately.
[1] As to the property division, the parties' real estate was awarded to appellant, including the responsibility to pay the first and second mortgages due and owing. The parties were each awarded their own individual personality as delineated in an attached exhibit. Appellee was awarded an automobile and appellant was awarded a truck. Appellee was ordered to pay indebtedness due and owing on four credit cards while appellant was ordered to pay the indebtedness due and owing on two credit cards. Appellant had a public employees retirement account and appellee had a state teachers retirement system account. The trial court ordered that the marital portions of each party's retirement accounts be divided equally. Last, the trial court noted that in order to arrive at an equitable distribution of assets, it was necessary that the appellee be awarded the total balance of appellant's deferred compensation account as of the day of the filing of the Judgment Decree of Divorce.
[2] R.C. 3105.171 states the following in part: "(B)In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest.
"(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section. . . .
"(D) Except as otherwise provided in division (E) of this section or by another provision of this section, the court shall disburse a spouse's separate property to that spouse. If a court does not disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse."
"(E)(1) The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property.
(2) The court may make a distributive award in lieu of a division of marital property in order to achieve equity between the spouses, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome. . . .
(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
"(1) The duration of the marriage;
"(2) The assets and liabilities of the spouses;
"(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
"(4) The liquidity of the property to be distributed;
"(5) The economic desirability of retaining intact an asset or an interest in an asset; "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
"(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
"(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
"(9) Any other factor that the court expressly finds to be relevant and equitable . . ."
"(G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage."
[3] We recognize that the trial court's Reconciliation of Statement of Evidence states that "the Court determined that it would be in the best interests of the children for the [appellee] to be the residential parent. However, a trial court speaks only through its judgment entries so this assertion in the App. R. 9(C) Statement is insufficient to remedy the deficiency in the final judgment entry.