OPINION *Page 2 
{¶ 1} On April 11, 1987, appellant, Richard Raff, III, and appellee, Carol Raff, were married. Three children were born as issue of the marriage. On August 6, 2003, appellee filed a complaint for divorce.
 {¶ 2} The parties agreed to the allocation of parental rights and responsibilities. The outstanding issues were distribution of property and marital debt and child and spousal support. A hearing was held on May 28, 2004. By judgment entry filed July 8, 2004, the trial court divided the parties' property and debt, and awarded appellee child support in the amount of $800.00 per child per month and spousal support in the amount of $400.00 per month for five years.
 {¶ 3} Appellant filed an appeal and this court reversed the trial court's decision for a child support worksheet and additional findings on the division of property and debt. Raff v. Raff, Stark App. No. 2004CA00251, 2005-Ohio-3348.
 {¶ 4} Upon remand, the trial court held a hearing on November 14, 2005. The parties agreed to a division of all marital property and debt except for the marital residence and the two liens attached to said residence. By judgment entry filed December 14, 2005, the trial court awarded the marital residence and the liens to appellee, ordered appellant to pay the original child and spousal support order from July 8, 2004 to November 14, 2005, and awarded appellee child support in the amount of $438.83 per child per month and spousal support in the amount of $800.00 per month for four years beginning November 15, 2005.
 {¶ 5} On January 11, 2006, appellant filed an appeal and assigned the following errors: *Page 3 
 I {¶ 6} "WHETHER THE TRIAL COURT ERRED IN ITS ORDER CALCULATING APPELLANT'S CHILD SUPPORT OBLIGATION BY FAILING TO PROPERLY PREPARE A CHILD SUPPORT GUIDELINE WORKSHEET."
 II {¶ 7} "WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THE EFFECTIVE DATES FOR THE MODIFIED AMOUNTS IT ORDERED APPELLANT TO PAY IN CHILD SUPPORT AND SPOUSAL SUPPORT."
 III {¶ 8} "WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN INCREASING APPELLANT'S SPOUSAL SUPPORT OBLIGATION AND EFFECTIVELY LENGTHENING THE TIME PERIOD FOR PAYMENT OF SPOUSAL SUPPORT."
 {¶ 9} On January 18, 2006, appellee filed a cross-appeal and assigned the following cross-assignments of error:
 CROSS-ASSIGNMENT OF ERROR I {¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED AS A MATTER OF LAW IN CALCULATING APPELLANT'S CHILD SUPPORT BASED ON THE ALLEGED THREE YEAR AVERAGE OF APPELLANT'S GROSS ANNUAL INCOME FROM FEDERAL INCOME TAX RETURNS THAT HAD NOT BEEN FILED WITH THE I.R.S." *Page 4 
 CROSS-ASSIGNMENT OF ERROR II {¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MERGED THE TEMPORARY ORDERS INTO THE FINAL DECREE RESULTING IN UNFAIR FINANCIAL GAIN TO APPELLANT AND UNFAIR FINANCIAL LOSS TO APPELLEE/CROSS-APPELLANT."
 CROSS-ASSIGNMENT OF ERROR III {¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOCATING THE PARTIES' DEBTS."
 CROSS-ASSIGNMENT OF ERROR IV {¶ 13} "IF THE COURT REMANDS THE TRIAL COURT'S CHILD SUPPORT AWARD, IT MUST ALSO REMAND THE TRIAL COURT'S SPOUSAL SUPPORT AWARD."
 {¶ 14} This matter is now before this court for consideration.
 I {¶ 15} Appellant claims the trial court erred in calculating child support because the trial court omitted the spousal support award as income to appellee on Line 6 and a reduction in income for appellant on Line 10 of the worksheet. We agree.
 {¶ 16} Appellee argues because appellant prepared the worksheet, the omission constitutes invited error. We disagree. It is the trial court's responsibility when adopting a proposed worksheet to see that there are no omissions. Marker v. Grimm (1992), 65 Ohio St.3d 139, 142.
 {¶ 17} Upon review, we find the trial court erred in omitting the spousal support award from the child support worksheet. *Page 5 
 {¶ 18} Assignment of Error I is granted.
 II {¶ 19} Appellant claims the trial court erred in determining the effective dates for the modified amounts of child and spousal support. We agree.
 {¶ 20} The trial court left the original order in place from July 8, 2004 to November 14, 2005. The modified amounts took effect on November 15, 2005. Appellant argues the start date for the modified amounts should be July 8, 2004 because there was no worksheet in place to support the trial court's calculations for that sixteen month period. We agree. Although we note no stay was placed on the child and spousal support order, this court reversed the order because it did not include a worksheet justifying the amounts. This court's reversal in effect voided the order, therefore, the trial court cannot rely on the amounts therein from July 8, 2004 to November 14, 2005. The trial court's modified amounts must start from the original decree date, July 8, 2004.
 {¶ 21} Upon review, we find the trial court erred in setting the effective dates for the modified amounts.
 {¶ 22} Assignment of Error II is granted.
 III {¶ 23} Appellant claims the trial court erred in modifying the amount and length of spousal support. Spousal support is an essential factor in determining child support as appellant argues in Assignment of Error I. Therefore, to adjust one might necessitate an adjustment of the other. We remand both the issues of child support and spousal support once again to the trial court. The trial court may review evidence up to the time *Page 6 
of the new hearing necessitated by this remand. Because we remand the issue of spousal support, we find the arguments about amount and length to be moot.
 CROSS-ASSIGNMENT OF ERROR I {¶ 24} Appellee claims the trial court erred in calculating child support based on federal income tax returns that had not been filed with the IRS. Consistent with our rulings in appellant's assignments, the trial court has to once again determine child and spousal support in light of appellant's income and may in fact rely on different evidence presented by either party. Because of the remand, we find the specific issue of the tax returns to be moot.
 CROSS-ASSIGNMENTS OF ERROR II, IV {¶ 25} In these cross-assignments of error, appellee argues the specifics of the trial court's child and spousal support order. Because of the remand, we find the arguments herein to be moot.
 CROSS-ASSIGNMENT OF ERROR III {¶ 26} Appellee claims the trial court erred in the allocation of debt. Specifically, appellee claims the trial court abused its discretion in assigning the second mortgage debt on the residence to her, and refused to require appellant to place the bills he was responsible for solely in his name so appellee's credit would not suffer damage.
 {¶ 27} Trial courts have broad discretion in fashioning a division of marital property. Berish v. Berish (1982), 69 Ohio St.2d 318;Blakemore.
 {¶ 28} The parties agreed to the debt allocation save for the marital residence and the two liens thereon. In its December 14, 2005 judgment entry, the trial court awarded appellee the residence, and ordered her to "pay both liens and refinance within *Page 7 
four (4) years to remove Husband's name." Based upon the factors in R.C.3105.171(F) and each parties' education, we find such an award not to be an abuse of discretion.
 {¶ 29} As for the bills appellant is responsible to pay, the parties stipulated to the allocation and any name changes should have been included in the agreement.
 {¶ 30} Cross-Assignment of Error III is denied.
 {¶ 31} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is affirmed in part and reversed in part.
By Farmer, J.
Boggins, P.J. and
Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is affirmed in part and reversed in part and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1