[Cite as *Butts v. Hill*, 2011-Ohio-5512.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DONALD BUTTS II (Deceased) | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| v. | : | |
| | : | |
| REBECCA HILL (FKA Butts) | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-CA-46 |
| | : | |
| and | : | |
| | : | |
| MICHELLE WOOD | : | |
| | : | |
| Third Party Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 06DR01677


JUDGMENT:                         Affirmed/Reversed in Part & Remanded


DATE OF JUDGMENT:                 October 27, 2011


APPEARANCES:

For Defendant-Appellant                For Third Party Defendant-Appellee

DAVID B. STOKES                        CINDY RIPKO
21 West Church Street                  33 South Park Place
Suite 206                              Suite 201
Newark, OH  43055                      Newark, OH  43055

*Farmer, J.*

{¶ 1} On September 8, 2008, appellant, Rebecca Hill, fka Butts, and Donald Butts, II, were divorced. The parties have four children, one of which was emancipated at the time of the divorce. Appellant was named sole residential parent of Er.B. and L.B. The parties entered into a shared parenting plan regarding the youngest child, Em.B. On September 23, 2009, an agreed judgment entry was filed wherein the parties agreed to terminate the shared parenting plan and name appellant as the sole residential parent and legal custodian of Em.

{¶ 2} On October 5, 2009, Mr. Butts passed away after a long illness. On October 7, 2009, Mr. Butts's sister, appellee, Michelle Wood, filed a motion to intervene as third party defendant in order to seek custody of Er. By judgment entry filed same date, the trial court added appellee as a third party defendant. Also on same date, appellee filed a motion for the reallocation of parental rights and responsibilities regarding Er. By ex parte order filed same date, the trial court granted temporary custody of Er. to appellee. A hearing before a magistrate was held on November 4, 2009. By order filed November 5, 2009, the magistrate sustained the ex parte order, finding it was in Er.'s best interests to continue the temporary custody arrangement.

{¶ 3} On February 22, 2010, appellee filed a motion for the reallocation of parental rights and responsibilities regarding Em. By ex parte order filed same date, the trial court granted temporary legal custody of Em. to appellee. A hearing before a magistrate was held on March 4, 2010. By order filed March 5, 2010, the magistrate affirmed the ex parte order, finding it was in Em.'s best interests to remain in appellee's temporary custody. In addition, appellant's parenting time was suspended.

{¶ 4}  On March 18, 2010, appellant filed a motion to vacate the February 22, 2010 ex parte order and the magistrate's March 5, 2010 order.  By judgment entry filed April 13, 2010, the trial court denied the motion.

{¶ 5}  A hearing on appellee's two motions for the reallocation of parental rights and responsibilities was held on April 14, 2010.  By decision filed May 25, 2010, the magistrate recommended the approval of appellee's motions.  Appellant filed objections. By opinion filed November 18, 2010, the trial court overruled the objections.  By judgment entry filed April 11, 2011, the trial court granted the two motions and named appellee as the legal custodian of Er. and Em.  The trial court also granted appellant supervised parenting time, and established child support which was offset by the social security benefits received by the children.

{¶ 6}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 7}  "THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FAILING TO INCLUDE A CHILD SUPPORT GUIDELINE WORKSHEET AS PART OF THE FINAL, APPEALABLE JUDGMENT."

II

{¶ 8}  "THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN GRANTING AN *EX PARTE* ORDER WHICH CHANGED CUSTODY OF [EM.] FROM APPELLANT-MOTHER TO NON-PARENT APPELLEE. (I.E. [EM.'S] AUNT)."

III

{¶ 9}  "THE TRIAL COURT ERRED AND /OR ABUSED ITS DISCRETION IN AWARDING CUSTODY OF [EM.] TO APPELLEE."

IV

{¶ 10} "THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION FILED MAY 25, 2010."

V

{¶ 11} "THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY SUSTAINING THE FEBRUARY 22, 2010 *EX PARTE* ORDER."

VI

{¶ 12} "THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY PERMITTING APPELLEE TO PRESENT EVIDENCE THAT OCCURRED, IF AT ALL, PRIOR TO THE 9/23/2009 AGREED JUDGMENT ENTRY."

VII

{¶ 13} "THE MANIFEST WEIGHT OF THE ADMISSIBLE EVIDENCE DOES NOT SUFFICIENTLY SUPPORT THE APPEALED-FROM JUDGMENT."

I

{¶ 14} Appellant claims the trial court erred in not providing a child support guideline worksheet with the final order.  We agree.

{¶ 15} "***'A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's

record.' *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph one of the syllabus. Failure to complete and include the worksheet in the record constitutes reversible error. *McClain v. McClain* (1993), 87 Ohio App.3d 856, 858, 623 N.E.2d 242.

{¶ 16} "We first note that *Marker* addresses prior R.C. 3113.215, which the General Assembly repealed on March 22, 2001. However, the modern version of the support guideline statute, R.C. 3119.022, continues to mandate that a court or agency calculating child support 'shall use a worksheet.' Therefore, we find the rule of *Marker* applicable to R.C. 3119.022." *Cutlip v. Cutlip,* Richland App. No. 02CA32, 2002-Ohio-5872, ¶ 7-8.

{¶ 17} The final order was as a result of two motions to reallocate parental rights and responsibilities, neither of which requested a child support order. However, the trial court made the following award relative to child support:

{¶ 18} "The children currently receive $1300.00 per month in social security benefits as a result of Plaintiff's death. The Court finds it equitable under the current situation that said social security benefits should be considered a total offset against Defendant's child support obligation.

{¶ 19} "***

{¶ 20} "1. Defendant shall pay Third Party Defendant child support in the amount of $0.00, per month, plus a processing fee of $0.00 for a total of $0.00 per month. This is not a deviation but a set-off against child support. The Court makes this finding after a review of ORC 3119. and Williams v. Williams, 99 Ohio St.3d 441 (2000).

{¶ 21} "***

{¶ 22} "During any time on or after the effective date of this order that private health insurance is not in effect, the following orders shall apply:

{¶ 23} "1. Defendant shall pay to Third Party Defendant child support in the amount of $0.00, per month, plus a processing fee of $0.00 and $139.17 per month in cash medical support, plus a processing fee of $2.78 per month for a total of $141.95 per month. This is not a deviation but a set-off against child support. The Court makes this finding after review of ORC 3119. and Williams v. Williams, 99 Ohio St.3d 441 (2000). Case Number 2006 DR 01677." Judgment Entry filed April 11, 2011.

{¶ 24} Based upon the trial court's decision and *Marker,* supra, we find the trial court erred in failing to include a child support guideline worksheet.

{¶ 25} Assignment of Error I is granted.

II, V

{¶ 26} Appellant claims the trial court erred in issuing the February 22, 2010 ex parte order and then denying her motion to vacate said order and the magistrate's March 5, 2010 order. Specifically, appellant claims there was no finding of unsuitability. We disagree.

{¶ 27} We note appellant's arguments relate to the custody of Em. only, as appellant does not dispute the custody of Er.

{¶ 28} A trial court has broad discretion in custody proceedings. *Trickey v. Trickey* (1952), 158 Ohio St. 913. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶ 29} We note the orders were temporary, preliminary, and interlocutory in nature. *Schoffner v. Schoffner* (1984), 19 Ohio App.3d 208. In addition, R.C. 3109.04(D)(2) permits a custody award to a relative. *Vance v. Vance,* 151 Ohio App.3d 391, 2003-Ohio-310.

{¶ 30} The affidavits presented with the motion set forth the threat of potential harm to Em. given appellant's actions, Em.'s fear of appellant, and the fact that Em.'s sister was already residing with appellee.

{¶ 31} Upon review, we find the trial court did not abuse its discretion in granting temporary custody to appellee via an ex parte order and denying appellant's motion to vacate said order.

{¶ 32} Assignments of Error II and V are denied.

VI

{¶ 33} Appellant claims the trial court erred in permitting evidence of events that occurred prior to the September 23, 2009 agreed judgment entry relative to parental rights and responsibilities. We disagree.

{¶ 34} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage* (1987), 31 Ohio St.3d 173; *Blakemore,* supra.

{¶ 35} The trial court correctly observed that "what was not known to the court" at the time the custody order was entered into could still be an issue even though the order was an agreed order:

{¶ 36} "THE COURT: Well, without making any kind of blanket-ruling, just let me say that it's my understanding of the statute that the test on the admissibility of evidence is that it occurred or arose since the most recent custody order or it was not known to

the Court at the time the custody order was entered; there's two elements to it as I understand. So we may---I don't know, we'll probably have to deal with that if objections come up, whether it was known to the Court or not. I---I don't know what else I can say at this point.

{¶ 37} "MR. STOKES: I understand. I guess just as (inaudible) statement, it would (inaudible) to defendant that anything that could have been brought up was waived by virtue of the agreed judgment entry. You can't go back and recreate the wheel and say basically well, we should have brought all those things up before we agreed to have the defendant be the sole residential parent of [Em.].

{¶ 38} "THE COURT: Well, I think that's a---that's a point that certainly can and is argued on a regular basis, but I don't know that the Court's precluded from hearing evidence that it had no knowledge of, when it signed the entry before. But at the same time I think that's fair game for cross-examination if for example, the parties agree to a person being custodian, and then evidence at subsequent hearing is brought up that shows that there's some alleged deficiencies with respect to that person. I think it's fair game to say well, why was this entered into in the first place so forth and so on. I think that goes towards weight as opposed to admissibility, just off the top of my head." April 14, 2010 T. at 11-12.

{¶ 39} We note appellant has failed to cite to any references in the transcript of the claimed errors. App.R. 16 governs brief of appellant. Subsection (D) states the following:

{¶ 40} "References in the briefs to parts of the record shall be to the pages of the parts of the record involved; e.g., Answer p. 7, Motion for Judgment p. 2, Transcript p.

231. Intelligible abbreviations may be used. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected."

{¶ 41} As noted by the trial court, no testimony was taken regarding the September 23, 2009 agreed judgment entry. The agreement terminated the previous shared parenting plan and designated appellant as sole residential parent and legal custodian.

{¶ 42} Despite appellant's failure to cite to any transcript references, in her objections to the magistrate's recommendations, appellant argued the guardian ad litem's testimony violated R.C. 3109.04(E)(1). Michelle Gramza was the guardian ad litem during the original divorce proceedings. Ms. Gramza testified certain aspects of the relationship between Em. and appellant were detrimental to Em's well-being. April 14, 2010 T. at 25. She was very worried about the shared parenting arrangement and was not optimistic that it would work. Id. at 33. Ms. Gramza had serious concerns about appellant fostering a positive relationship between Em. and her siblings and Mr. Butts's family. Id. at 33-34.

{¶ 43} Given the trial court's consideration of the mandates of the statute, we find the limited testimony relative to appellant's parenting background was not prejudicial. Further, the opinions expressed by Ms. Gramza were based upon her knowledge of the relationship between appellant and Em.

{¶ 44} Assignment of Error VI is denied.

III, IV, VII

**{¶ 45}** These assignments of error challenge the trial court's final determination in awarding legal custody of Em. to appellee. Appellant claims the decision was not supported by the evidence, and the decision was not made under the standard set forth in *In re Perales* (1977), 52 Ohio St.2d 89. We disagree.

**{¶ 46}** A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9. "The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418.

**{¶ 47}** In *Perales* at syllabus, the Supreme Court of Ohio held the following:

**{¶ 48}** "In an R. C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child."

**{¶ 49}** Appellant's argument that the trial court used the improper standard is without merit. The magistrate's May 25, 2010 decision states the proper standard:

**{¶ 50}** "The above conclusions lead the Magistrate to consider the fourth component of the parental unsuitability test, that is, determining whether it would be detrimental to the child, in this instance, [Em.], to place her with the defendant.

**{¶ 51}** "The Magistrate has found this particular test to be one that is often difficult to apply. He believes that in deciding this particular test, it is appropriate for a court to consider the extent and magnitude of the detriment that is likely to be experienced by a child being placed with his or her natural parent. For example, it may be detrimental to the social aspirations and material desires of a child for him to be placed with a parent who has a lower middle class standard of living rather than placing him with a wealthy uncle. If the child's parent is otherwise suitable, it would be improper under Ohio law to remove the child and place him with his rich uncle solely on the basis of this detriment. On the other hand, if it is proved that it would be dangerous to the child to be placed with his parent, a different outcome would likely result.

**{¶ 52}** "After due consideration of the evidence admitted into the record in light of the above-cited tests, factors, holdings and definitions, the Magistrate determines that the third party defendant has established by a preponderance of the evidence admitted into the record that that (sic) it would be detrimental to the child to maintain the defendant as her residential parent and legal custodian and that the defendant is an unsuitable parent. The Magistrate therefore determines that it is appropriate for the Trial Court to enter separate orders GRANTING each of the third party defendant's two motions."

{¶ 53} The magistrate went to great lengths to list the evidence in support of his conclusion. The magistrate cited the strained relationship between appellant and Em., appellant's pattern of emotional and physical abuse toward her other daughters when they were teens, appellant's recent emotional abuse of Em., an incident of actual physical abuse on February 10, 2010, the lack of any semblance of a reasonable relationship with her daughters, changing Em.'s last name after Mr. Butts passed away, the lack of any fostering of a relationship between Em. and her siblings and Mr. Butts's family, and appellant's obsession with alienating Em. from Mr. Butts's family has confounded Em.'s management of the grieving process. See, Magistrate's May 25, 2010 Decision at Findings of Facts a-m.

{¶ 54} After our review of the testimony given by Em.'s sisters, we find the magistrate's conclusions are substantiated in the record. Appellant has steadfastly denied these allegations in her testimony. However, they were essentially substantiated by the trial court's "in camera" discussion with Em. Further, it is interesting to note that the one police report on abuse coincides with the trial court's ex parte order.

{¶ 55} Given the amount of testimony relative to appellant's apparent lack of good parenting skills as she deals with her daughters as they enter their teenage years, we cannot find that the trial court abused its discretion in granting legal custody to appellee.

{¶ 56} Assignments of Error III, IV, and VII are denied.

{¶ 57} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed in part and reversed in part.  The matter is remanded to said court to file a child support guideline worksheet consistent with our ruling in Assignment of Error I.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ Julie A. Edwards_____

JUDGES

[Cite as *Butts v. Hill*, 2011-Ohio-5512.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DONALD BUTTS II (Deceased) | : | |
| Plaintiff | : | |
| v. | : | |
| REBECCA HILL (FKA Butts) | : | JUDGMENT ENTRY |
| Defendant-Appellant | : | |
| and | : | |
| MICHELLE WOOD, | : | |
| Third Party Defendant-Appellee | : | CASE NO. 11-CA-46 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed in part and reversed in part. The matter is remanded to said court to file a child support guideline worksheet consistent with our ruling in Assignment of Error I. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Julie A. Edwards_____

JUDGES